Bertha Stidle, Administratrix of Leonard Stidle, deceased, *v.* Twin City Council, No. 121, Jr. O. U. A. M., Appellant.

*Beneficial associations—Death benefits—Member's default—Question for jury.*

Failure of a member to pay funeral assessments is not to be made the basis of a forfeiture in the absence of notice brought home to the member. Payment by a member of a sum of money in excess of liabilities to the association is to be credited to dues, and cannot be applied to death benefit assessments of which he had no notice so as to place him in arrears for his weekly dues.

The question of notice is one for the jury on the evidence submitted, the burden of proof being upon the association.

*Action—Parties—Suit for death benefits.*

A suit for death benefits having been brought in dual capacity of widow and administratrix of deceased, a verdict will not be disturbed if it be sustainable upon plaintiff's rights in either capacity, the defendant not having called upon plaintiff to elect in which capacity she claimed.

Argued April 25, 1898.   Appeal, No. 148, April T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1896, No. 232, on verdict for plaintiff.   Before Rice, P. J., Wickham, Reeder, Orlady, Smith and Porter, JJ.   Affirmed.

Assumpsit.   Before Collier, J.

It appears from the evidence that Leonard Stidle became a member of defendant corporation on May 12, 1884, and died intestate on June 12, 1895.   His widow, Bertha Stidle, was appointed administratrix.   Shortly after his death, Bertha Stidle as administratrix of Leonard Stidle, brought this action for the purpose of recovering the sum of $400, with interest, the amount of money alleged to be due under the by-laws of said corporation as payable on the death of a member of the corporation when entitled to benefits.

Under article 6, section 3, page 30, of the by-laws of said corporation, it was provided, that: " On the death of a brother, entitled to benefits, $400 shall be paid to his heirs, out of which the funeral expenses shall be defrayed."

Under article 10, section 4, of the constitution, page 14, it is provided : " Any brother suffering himself to become indebted to the Council for weekly dues for thirteen weeks shall not be entitled to benefits until four weeks after all such arrearages have been paid in full to the time of settlement, and for twenty-six weeks for six weeks, and for thirty-nine weeks for eight weeks, and for fifty-two weeks, or over, for thirteen weeks, after all such arrearages have been paid."

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff for $445.  Defendant appealed.

*Errors assigned* were (1) in charging the jury as follows : " The plaintiff here is the widow of a member of the Junior Order of American Mechanics, who died, and his widow, the administratrix, claims the death benefit in his case on the ground that he was a member in good standing at the time of his death. The plaintiff having submitted evidence upon that, she would be entitled to a verdict to the amount of the claim unless the defendant, the Order, satisfies you of the defense set up, and that is simply this, that he was in arrears in his dues under the by-laws at the time of his death, and was not entitled to anything."  (2) In charging the jury as follows : " If he was not indebted for dues to the amount of thirteen weeks' actual dues, then the widow is entitled to recover, because there is no law of the Order back of it."  (3) In charging the jury as follows : " But the question arises in this case, what are the dues? The dues, strictly, are the weekly dues, and sick benefits and things of that kind.  In all societies of this nature there are what are called death benefits, and they are not strictly dues. That our courts have decided, and on sound principles.  If you and I are members of such societies, and death benefits are assessed, we must have notice of it.  If we have notice that $1.00 or $2.00 or $5.00, or whatever it may be, is assessed as death benefits, then it becomes due, but if we do not have notice it does not."  (4) In charging the jury as follows : " Notice is required, because in some cases there are no death benefits, although a man dies.  Hence the duty to give notice to the members.  It is not necessarily actual personal notice, but any notice, so that the members know that the assessment

is made. It may be by letter through the regular mail, or by personal notice, but the member must have notice, and if he pays his money without notice, the law presumes that it goes on his dues." (5) Refusal of binding instructions for defendant. (6) In affirming plaintiff's second point, which point is as follows : "2. Before the council can claim a forfeiture by reason of nonpayment of any assessment for death benefits, it must show that the decedent was notified of such assessment."

*A. H. Rowand*, with him *H. H. Rowand*, for appellant.— This action must be brought by heirs of the decedent, and not by the widow of the decedent, as administratrix of the estate : Myers v. Insurance Company, 27 Pa. 268 ; Hodge's Appeal, 8 W. N. C. 209.

The word "heirs" applied to persons, means "next of kin." The relation of husband and wife does not constitute the parties entering into it next of kin to each other, that is the doctrine of the civil law, and is universally recognized in all the laws both of England and this country : Story v. Wheatley, 1 Pa. 506 ; 1 Bacon on Benefit Societies and Life Insurance, sec. 260.

Bertha Stidle, as the administratrix of Leonard Stidle, her husband, cannot maintain this action, and the defendant's point for peremptory instructions in favor of the defendant should have been affirmed. The widow, Bertha Stidle, not being an heir of Leonard Stidle, her husband, cannot maintain an action in her own name to recover the amount of this funeral benefit from the defendant corporation, and if this judgment should be allowed to stand the heirs of Leonard Stidle could institute their action, and recover the second time from this defendant corporation the amount of this funeral benefit, and the judgment in this case could not be pleaded in bar by the defendant to an action brought by the heirs of Leonard Stidle.

*S. W. Cunningham*, with him *T. D. Chantler* and *Wm. M. Mc-Gill*, for appellee.—This case is ruled by Crumpton v. Pittsburg Council, 1 Pa. Superior Ct. 613. In that case, as here, the question arose of the appropriation of moneys paid in by a decedent, to funeral assessments. The court below held that to work a forfeiture, the member must have had actual notice of the funeral assessments.

And the doctrine is well established that before a forfeiture can be claimed by reason of nonpayment of any assessments, it must be shown that the party who should have paid was notified: Life Association v. Hamlin, 139 U. S. 297; Ins. Co. v. Buckley, 83 Pa. 298; Ins. Co. v. Hoff, 2 W. N. C. 41; Supreme Lodge K. of H. v. Johnson, 78 Ind. 110.

OPINION BY PORTER, J., July 29, 1898:

This suit is brought by Bertha Stidle both as widow and administratrix of the estate of Leonard Stidle, deceased. The defendant contends, first, that the plaintiff is not entitled to recover, because she is not the heir of the insured. The by-laws of the association provide that " on the death of a brother entitled to benefits, $400 shall be paid to his heirs out of which the funeral expenses shall be defrayed." If this provision stood alone it might be necessary to consider whether the term " heirs " was used with such strict legal accuracy and purpose as to exclude the widow of the insured. There is, however, a provision in the constitution of the association, which not only throws light upon the meaning of the by-law, but controls its application. Article X, section 3, provides that " after the initiation of a member entitled to weekly benefits, in case of his death, the sum of not less than twenty dollars shall be appropriated toward defraying the funeral expenses of the deceased brother and the councillor shall report to council the disposition of the fund. The balance if any shall be paid the widow or dependent relative of the deceased." It thus appears that by the fundamental law of the association " the widow " of the insured was recognized in terms as the beneficiary under the agreement of the association. There was no error committed by the court below in refusing to direct a verdict for defendant on the ground that the plaintiff had no standing to bring the suit. The fact that she sued both as widow and administratrix does not affect this conclusion. The defendant did not require her to elect in which capacity she claimed. Having recovered a verdict we will not disturb it, if it be sustainable upon her rights in either capacity.

The second contention of the defendant association is that the insured was, at the time of his death, in default for nonpayment of dues and that, therefore, the plaintiff was not entitled

to recover the funeral benefits. The section of the constitution under which this question arises is as follows : "Section 4. Any brother suffering himself to become indebted to the council for weekly dues for thirteen weeks shall not be entitled to benefits until four weeks after all such arrearages have been paid in full to time of settlement and for twenty-six weeks, for six weeks and for thirty-nine weeks, for eight weeks and for fifty-two weeks or over, for thirteen weeks after all such arrearages have been paid." In order to show that the insured was in default under this clause at the time of his death, the defendant association offered in evidence their account with him. In this account he was charged with three funeral assessments, by including which the deceased was claimed to be in default when he died. If these items were not properly included the account shows that the deceased was not in default. He paid on April 25, 1895, the sum of $8.00 by which he discharged all of his dues charged to that date and a balance over of $3.31. He was, according to defendant's account, in arrears for dues $4.69. This represents about thirty-six weeks' dues at thirteen cents per week. On April 25, 1895, then, he reinstated himself but under the above clause he was not entitled to benefits for six weeks thereafter, namely until June 6, 1895. He died June 12. If, however, the payment of the $8.00 on April 25 relates back to March 28, when the last dues in arrear were charged against him, he was reinstated as of March 28, eleven weeks before his death. There is some ground for such a claim inasmuch as while the dues are called " weekly dues " they are charged and treated as quarterly dues. Therefore, no dues were in a sense due until three months from March 28. We are clear that if the items of funeral assessments are to be excluded from the account, the insured was not in default at the time of his death.

The account of the defendant association charges the insured (in addition to the so-called weekly dues charged quarterly) with three items of $1.00 each for three funeral assessments. Such assessments stand on a somewhat different footing from dues. It was held by this court in Crumpton v. Pittsburg Council, etc., 1 Pa. Superior Ct. 613, that the failure to pay funeral assessments is not to be made the basis of a forfeiture, in the absence of notice brought home to the member, and that payment

by him of a sum of money in excess of liabilities to the association will be credited to his dues and cannot be applied to death assessments, of which he had no notice, so as to place him in arrears for his weekly dues.

The evidence that notices of the funeral assessments were given to the insured, in the case before us, is far from conclusive. The burden of proof was upon the defendant. If the notices were properly given, the three assessments were probably proper charges in the account. If not, their presence in the account should not be permitted to work a forfeiture. This question of notice was one of fact for the jury on the evidence submitted. Their verdict has determined that the notices were not given. Therefore, the three items of funeral assessments being out of the account, the foregoing analysis of the latter shows the insured to have been entitled to benefits at the time of his death and the plaintiff entitled to recover.

The assignments are dismissed and the judgment is affirmed.