# Reynolds *v.* Fidelis Lodge.

*Beneficial association—Beneficial member — Failure to pay death assessments—Notice—Forfeiture.*

The failure to pay funeral assessments cannot be made the basis of a forfeiture in the absence of notice brought home to the member, and payment by him of a sum in excess of liabilities will be credited to his dues and not to death assessments of which he had no notice.

Argued May 16, 1900. Appeal, No. 171, April T., 1900, by defendants, in suit of Elizabeth Reynolds against Fidelis Lodge,

No. 460, Knights of Pythias et al., from decree of C. P. Lawrence Co., Dec. T., 1898, No. 2, dismissing bill in equity. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Hearing on bill and answer. Before WALLACE, P. J.

Material facts appear in the opinion of the court.

The court below entered the following decree :

[Now, March 5, 1900, this cause came to be heard at this term and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz : That Alphonso W. Reynolds, deceased, was at the time of his death, on April 14, 1898, a member in good standing of Fidelis Lodge, No. 460, Knights of Pythias, the defendant lodge; Elizabeth Reynolds, his widow, the plaintiff, is entitled to receive from the defendant lodge the balance of funeral benefits payable on the death of her said husband, viz : $30.00 remaining unpaid ; and also the sum of $2.00 for each member of the defendant lodge on April 14, 1898, as the death benefit payable on the death of her husband. And William Llewellyn, chancellor commander of said lodge, or his successor in office, is directed to draw from the funds of the defendant lodge $30.00, balance of the funeral benefits as required by the constitution and by-laws of the lodge in case of the death of a member in good standing, and pay the same to the plaintiff within twenty days ; and Edward Davis, master of finance of said lodge, or his successor in office, is directed to immediately charge the sum of $2.00 to the account of each member of the defendant lodge, who was a member on April 14, 1898, as assessment for the death benefit payable on the death of the plaintiff's husband, and, at the same time, give written or printed notice to each member of such assessment and that they will be required to pay the same within thirty days from receipt of such notice, and, within ten days after the expiration of said period of thirty days, to pay over to the plaintiff the whole amount of money received by him upon said assessments and render therewith a statement showing the names of the members so assessed and notified and the names of those members then in default upon said assessment under the provisions of the constitution and by-laws of said lodge in respect to such assessments. And

it is further ordered, adjudged and decreed that the costs in this case be paid by the chancellor commander of the defendant lodge out of the funds of the lodge and the chancellor commander, master of finance and other officers of said lodge are directed to perform all duties required of them in obedience to this decree and to enforce the provisions of the constitution, grand statutes, and by-laws of said lodge by imposing penalties and otherwise as therein directed and required in the case of assessments to pay a death benefit upon the death of a member in good standing, and the master of finance is directed to pay to the plaintiff on or before July 15, 1900, any money received upon said assessments after the payment heretofore required to be made of money received on such assessments and, at the same time, render a statement showing the names of the members paying the money then turned over and the names of those who have not paid, if any, and what penalty or penalties have been imposed for nonpayment.] [7] Defendant appealed.

*Error assigned* among others was (7) entering decree, reciting same.

*J. Norman Martin,* for appellants.

*C. H. Akens,* for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

Alphonso W. Reynolds became sick April 1, and died April 14, 1898. This proceeding was brought to compel the payment of benefits accrued to the widow by reason of her husband's membership in the defendant organization. She was paid by them the sum of $20.00, the minimum funeral benefit. She claims that she was entitled to the maximum funeral benefit of $50.00 and to the amount of an assessment of $2.00 per capita, to be imposed upon the members at the time of her husband's death.

The constitution of the order contemplates the payment of weekly dues and of such nurse and funeral assessments and fines as may be prescribed by the by-laws, and that such nurse and funeral assessments and fines shall be classed as dues at the last meeting in March, June, September and December.

The section concludes: "The member shall be in arrears and subject to all penalties thereof, when he owes the lodge an amount equal to thirteen times the said weekly payments; nurse and funeral assessments and fines not to be included in the amount so owing until classed as dues at the time as above provided." The by-laws of the lodge provide that the dues shall be ten cents per week, and, "on the death of each member, who is entitled to funeral benefits under the constitution of the lodge, the sum of $2.00 within thirty days from the date of the death of each brother so entitled thereto." The by-laws further provide that, "On the death of a beneficial member, it shall be the duty of the chancellor commander to draw from the funds in the hands of the master of the exchequer for the payment of funeral benefits, as follows: If the deceased brother has been a member of this lodge for six months or under, the sum of twenty dollars; if the deceased brother has been a member of this lodge for over six months and less than two years, the sum of thirty-five dollars; if the deceased brother has been a member for over two years at the time of his death, the sum of fifty dollars."

It will be seen that the constitution provides for nurse and funeral assessments and fines. The by-laws, in addition, provide for death benefits arising from the assessment of $2.00 per member. Death benefits are thus paid by special assessment; funeral benefits out of the general funds. The former are not within the provision of the constitution converting funeral assessments into dues at the end of the quarter. The by-laws contain no provision by which assessments for death benefits are convertible into dues at any time. The defense is that the plaintiff is entitled neither to the maximum funeral benefit nor to the death benefits, because her husband is alleged to have been in arrear when he became sick more than "an amount equal to thirteen times" the weekly payment. But the assessment of $2.00 on the death of a member on January 13, 1898, forms part of the arrearage. By including this death assessment item in the general amount and by regarding it as converted into dues under the constitutional provision of the order, the plaintiff's husband is brought into debt to the association, on the first day of his sickness, to an amount exceeding thirteen weeks dues. If this item be stricken from the account of

the dues, he was not so in arrears at the time of his sickness. We need not go into figures in detail.   We are of opinion that the charge on January 13, 1898, for a death assessment of $2.00 was not a funeral benefit which could be classed as dues for the quarter of the year ending the latter part of March, so as to produce a forfeiture of beneficial interest.   Eliminating then, the item from the account, it leaves the member in arrear less than an amount equal to thirteen times the weekly dues at the time he was taken sick, and by the payment made and accepted during his sickness he was more than paid up on the dues account.

There is another ground for the exclusion of the item for the death assessment.   It is provided that when the death assessment of $2.00 is charged to the account of a member, the officer of the lodge "shall at the same time give written or printed notice to each member of the lodge of such assessment and that they will be required to pay the same within thirty days from the date of such notice."   There is no evidence in the case showing that notice of the January death assessment, charged to Reynold's account, was ever given to him.   Such assessments, as we have heretofore said, stand on a somewhat different footing from dues.   The failure to pay funeral assessments cannot be made the basis of a forfeiture in the absence of notice brought home to the member, and payment by him of a sum of money in excess of liabilities will be credited to his dues and not to death assessments, of which he had no notice : Stidle v. Twin City Council, 8 Pa. Superior Ct. 178 ; Crumpton v. Pittsburg Council, 1 Pa. Superior Ct. 613.   For the two reasons thus stated, the item of death assessment of January 13, 1898 cannot be utilized to put the member in default for dues, and thus forfeit his rights.

We are of opinion that no error was committed by the court below and the decree entered is, therefore, affirmed.