# Dickinson, Appellant, v. Ancient Order of United Workmen.

*Beneficial associations—Assessments—Time—Contract—Forfeiture.*

Where the certificate of a beneficial association provides that a failure to pay any assessment within a certain specified time shall render the certificate null and void, time is of the essence of the contract, and a failure to pay within the designated time will render the certificate void.

*Application—Contract—Insurance—Act of May 11, 1881—Evidence.*

A certificate of membership of a beneficial association is not a contract of insurance within the meaning of the act of May 11, 1881, P. L. 20, which requires the application for insurance to be attached to the policy before it can be received in evidence.

*Evidence—Custom to reinstate defaulted members.*

Evidence that it was customary to reinstate defaulting members of a beneficial association upon payment of their arrears is inadmissible.

Argued Nov. 6, 1893.    Appeal, No. 258, Oct. T., 1893, by plaintiff, Ellen M. Dickinson, from judgment of C. P. No. 1,

Allegheny Co., Dec. T. 1890, on verdict for defendant.   Before
STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL,
DEAN and THOMPSON, JJ.

Assumpsit for death benefit.   Before SLAGLE, J.

The facts appear by the opinion of the Supreme Court.

Notice of assessments due Jan. 28, 1888, was dated at Erie,
Pa., Jan. 3, and postmarked Jan 7, 1888, and read: "You are
hereby notified of assessments Nos. 3 and 4 of $2.00, which must
be paid on or before January 23, 1888, or you suspend your-
self." Notice of other assessments due Feb. 28, 1888, was
dated at Erie, Pa., Feb. 7, 1888, and read: "You are hereby
notified of assessments Nos. 5 and 6 of $2.00, which must be
paid on or before Feb. 27, 1888, or you suspend yourself."

The minutes of the subordinate lodge for Jan. 30, 1888,
showed that Mr. Dickinson was suspended for nonpayment of
assessments 3 and 4, Jan. 28, 1888.   On Feb. 3, 1888, Mr.
Dickinson sent his son to Mr. Pinney, the financier, to pay as-
sessments 3 and 4; the son was informed by him that his father
had been suspended, and to be reinstated he would have to pay
the assessments, including the assessments for February; the
son paid all dues and assessments, including February, and
took Mr. Pinney's receipts therefor, who said that it would take
a vote of the lodge to reinstate him; if he was reinstated, he
would credit this money in the usual way, and if not would re-
turn it.   The minutes of the lodge of Feb. 6, 1888, show that
the financier reported J. S. Dickinson having paid assessments
3, 4, 5 and 6, and moved that he be reinstated to the benefici-
ary.   Motion lost.   There was no evidence that the money was
returned.   The charter and rules and regulations were not in
evidence.

When J. M. McNair was on the stand, he was asked: "Q. I
wish you would look at exhibit No. 2 and see whether that is
the application of John S. Dickinson."   Objected to as incom-
petent and irrelevant under the act of May 11, 1881, P. L. 20.
Objection overruled, evidence received and exception. [1]

Plaintiff proposed to prove that it was customary for the
lodge up to about this time, whenever a member was a few
days behind in the payment of his assessments, if he paid them
up, to reinstate him, as a matter of course, unless charges for

some other cause were preferred against him.    Objected to. Objection sustained and bill sealed.  [2]

Plaintiff's points were as follows :

" 1. That no lawful assessment has been shown to have been made by the defendant upon John S. Dickinson."   Refused. [3]

" 2. That no sufficient or proper notice of the last assessments, Nos. 3 and 4, has been shown to have been given to John S. Dickinson, therefore there is no evidence in this case to establish the right of the defendant to avoid or forfeit the beneficiary certificate sued on in this case."   Refused. [4]

" 3. Under all the evidence the verdict must be for the plaintiff for the amount of the certificate sued on for $2,000 with interest from the date of the death of John S. Dickinson, June 5, 1888."   Refused. [5]

Defendant's point was as follows :

" 1. From all the evidence, the verdict must be for the defendant.    *Answer :*  This is affirmed, there being no substantial dispute as to the evidence in the case." [6]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence; (3–6) instructions as above; quoting bills of exceptions and evidence and instructions.

*Thomas B. Alcorn* and *J. S. Ferguson, E. G. Ferguson* with them, for appellant, cited : As to defendant being an insurance company : Haverstick v. Penn Twp. Mut. Fire Assn. of Lancaster Co., 32 W. N. 568; Act of May 11, 1881, P. L. 20; Hamill v. Supreme Council of Royal Arcanum, 152 Pa. 537 ; Com. v. Beneficial Assn., 137 Pa. 412; Com. v. Wetherbee, 105 Mass. 149; Bacon on Beneficial Societies, § 304; State v. Citizens Beneficial Assn., 6 Mo. 163; State v. Miller, 66 Iowa, 26; Kansas v. Vigilant Co., 30 Kan. 585; State v. Bankers & Merchants Mut. Benevolent Assn., 23 Kan. 499 ; Bauer v. Sampson Lodge K. of P., 102 Ind. 262; Bolton v. Bolton, 73 Me. 299; State v. Farmers Benevolent Assn., 18 Neb. 276; State v. Standard Life Assn., 38 Ohio, 281; Arthur v. Odd Fellows Assn., 29 Ohio, 557 ; Ill. Masons Ben. v. Winthrop, 85 Ill. 537 ; Same v. Baldwin, 86 Ill. 479 ; State v. Live Stock Assn., 16 Neb. 552; Schunk v. Gegenseitiger Wittwen & Waisen Fund, 44 Wis. 370.

As to lawfulness of assessments : Niblack's Mut. Ben. Societies, 305 ; Am. Mut. Aid Soc. v. Helburn, 85 Ky. 1 ; Mut. Ins. Co. v. Houghton, 6 Gray, 77 ; Pulford v. Fire Department, etc., 31 Mich. 458 ; Hibernia, etc., Co. v. Harrison, 93 Pa. 264 ; Rosenberger v. Washington Fire Ins. Co., 87 Pa. 207 ; Williams v. Ger. Mut. Fire Ins. Co., 68 Ill. 387 ; Susquehanna Mut. Fire Ins. Co. v. Gackenbach, 115 Pa. 492 ; Williams v. G. Mut. F. Ins. Co., 68 Ill. 387 ; Farrie v. Supreme Council, 15 N. Y. St. Repr. 155 ;   Hall v. Supreme Lodge K. of H., 24 Fed. Repr. 450 ; Agnew v. A. O. U. W., 17 Mo. Ap., 254 ; Castner v. Farmer Ins. Co. (Mich.), 15 N. W. Rep. 452 ; Bates v. Ben. Assn., 47 Mich. 646 ; Gellatey v. Mut. Ben. Soc., 27 Min. 215 ; Covenant Mut., etc. v. Spies, 114 Ill. 463 ; Mut. Endowment, etc. v. Essender, 59 Md. 463 ; McCorkle v. Texas Ben. Assn. (Texas), 8 S. W. Rep. 516.

*Jas. S. Young, S. U. Trent* with him, for appellee, cited : Com. v. Beneficial Assn., 137 Pa. 419 ; Northwestern Masonic Aid Association of Chicago v. Jones, 154 Pa. 104 ; Hamill v. Supreme Council of Royal Arcanum, 152 Pa. 537 ; Act of April 6, 1893, P. L. 7.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1893 :

This action was brought by the widow of John S. Dickinson against the Grand Lodge of the Ancient Order of United Workmen, a fraternal beneficial association, to recover $2,000, evidenced by a beneficiary certificate, issued by said association to plaintiff's husband on May 18, 1883, a copy of which is made part of her statement of claim.

On the trial plaintiff gave the certificate in evidence, proved the death of her husband and rested.  Defendant then introduced Mr. Dickinson's application for membership in said lodge, containing, inter alia, the following clauses : " I hereby agree, in consideration of a certificate of two thousand dollars, to be issued to me by said Grand Lodge, to pay all beneficiary assessments lawfully made upon me by said Grand Lodge, not later than the twenty-eighth day of the month in which said notice of assessment was issued.  I further agree, that, should I fail or neglect to pay any assessment or assessments, as above, within the specified time, the beneficiary certificate issued as above

shall be null and void; and that myself or my legal representatives shall not be entitled to nor have any claim under said certificate."

Referring to said application as part of the contract, and reciting that the $2,000 is payable to applicant's wife at his death, the beneficiary certificate itself declares: "It is also understood and agreed that the conditions set forth in the application for this certificate are the conditions upon which Brother John S. Dickinson is entitled to participate in the beneficiary fund of the order and that any violation of said conditions renders this certificate null and void, and that said Grand Lodge shall not then be liable for the above sum or any part thereof."

Time is evidently of the essence of these stipulations as to prompt payment of assessments; and in such associations it is obviously necessary that it should be so.

Testimony was also introduced by defendant to prove that assessments, payable on or before January 28, 1888, of which said applicant had due notice, were made, and that he defaulted in the payment of the same. The case was fairly submitted to the jury, with full and adequate instructions as to the legal questions involved. The verdict for defendant is necessarily predicated of their finding that plaintiff's husband made default in the payment of said assessments. Hence, it follows, according to the very terms of the contract, that the beneficiary certificate became "null and void." There is no escape from this conclusion, unless the learned judge erred in one or more of the particulars complained of.

The first specification charges error in admitting the application above referred to. This is grounded on the assumption that defendant is an insurance company, and the contract sued on is a contract of assurance, on the life of plaintiff's husband, for her benefit. If this be so, the application should have been excluded under the provisions of the act of May 11, 1881, P. L. 20, entitled "An act relating to life and fire insurance policies." Such assumption, however, is unwarranted. The defendant is not an insurance company, but belongs to the distinctly recognized class of organizations known as benevolent associations. The distinction between them is clearly pointed out in Commonwealth v. Benevolent Association, 137 Pa. 419, recently quoted approvingly in North Western Ma-

sonic Aid Association v. Jones, 154 Pa. 104. In the former, our late brother CLARK, after concisely stating the general object or purpose of an insurance company, said: "What is known as a beneficial association, however, has a wholly different object and purpose in view. The great underlying purpose of the organization is not to indemnify or to secure against loss; its design is to accumulate a fund, from the contributions of its members, 'for beneficial or protective purposes,' to be used in their own aid or relief, in the misfortunes of sickness, injury or death. The benefits, although secured by contract, and for that reason to a limited extent assimilated to the proceeds of insurance, are not so considered. Such societies are rather of a philanthropic or benevolent character; their beneficial features may be of. a narrow or restrictive character; the motives of the members may be to some extent selfish, but the principle upon which they rest is founded in the considerations mentioned. These benefits, by the rule of their organization, are payable to their own unfortunate, out of funds which the members themselves have contributed for the purpose, not as an indemnity, or security, against loss, but as a protective relief in case of sickness or injury, or to provide the means of a decent burial in the event of death. Such societies have no capital stock. They yield no profit, and their contracts, although beneficial and protective, altogether exclude the idea of insurance, or of indemnity, or of security against loss." To the class of associations, thus described and distinguished from insurance companies, the association defendant clearly belongs; and hence the application for membership, setting forth the terms and conditions thereof, was rightly received in evidence. The act of May 11, 1881, has no application to contracts such as the one sued in this case.

There was no error in rejecting the offers referred to in the second specification, nor in refusing to affirm plaintiff's points recited in the third to fifth specifications, inclusive. The testimony as to assessments three and four for January, 1888, notice thereof to plaintiff's husband, and nonpayment thereof, was rightly received. If that testimony was believed by the jury it was quite sufficient to entitle the defendant to a verdict. Neither of the specifications of error is sustained.

Judgment affirmed.