# Ellis *v.* Alta Friendly Society.

*Beneficial societies—Exclusion from membership—Remedies—Action—Trespass.*

Where a person has been wrongfully excluded from membership in a beneficial association, he has an election of remedies : either to institute a proceeding to have his certificate of membership adjudged in force, or to tender the dues each month and when benefits become payable sue for the same, or to sue at once for damages sustained by reason of the defendant's wrongful act; or, if no benefits had been received, to treat the contract as rescinded, and to sue to recover back the money paid under it.

*Appeals—Form of action—Demurrer.*

Where a demurrer to a statement in trespass relates only to certain alleged defects in the statement, neither of which is fatal, and no reference is made to the form of action, the appellate court after a trial on the merits will not reverse for an error in the form of action.

*Beneficial associations—Exclusion from membership—Delay in payment of dues.*

In policies of life insurance time is material, and this is equally true of stipulations for prompt payment of dues and assessments by members of beneficial associations.

In an action of trespass to recover damages for an alleged wrongful exclusion from membership in a beneficial association, plaintiff is not entitled to recover where it appears that the dues of the association were payable at the latest on the fifteenth of the month, or if the collector failed to call, immediately thereafter, and the plaintiff testifies that she was absent from home when the collector called for her dues which were payable on the twelfth of the month; that he left his card with an oral message that he would call again; that a week or ten days' later she mailed to him a postal card requesting him to call, and that about thirty days after the dues were payable she went to the society's office and tendered payment, which was refused.

In such a case it is error to admit statements made after plaintiff had become a member, by the superintendent and collector, without authority from the society and in contravention of the by-laws, to the effect that if the collector did not call on the precise day, or within the three days' limit, plaintiff need not take or send her dues to the office, but after notifying him by mail to call for her dues, she might safely await his coming, and that the instructions in her receipt book that she must take her dues to the office were merely a matter of form.

Argued Oct. 11, 1900. Appeal, No. 34, Oct. T., 1900, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T.,

1896, No. 322, on verdict for plaintiff in case of Amelia B. Ellis v. The Alta Friendly Society. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Trespass to recover damages for the alleged wrongful exclusion from membership of a beneficial association. Before WILTBANK, J.

The plaintiff's statement was as follows:

That heretofore, to wit: about May 12, 1891, the plaintiff, Amelia B. Ellis, became a member of the defendant society and received a certificate of membership in said society, which, in consideration of an entrance fee of $1.00, and $1.45 per month thereafter, entitled her to continue her membership in said society, and to receive benefits in the event of sickness of $6.00 per week, and in the event of her death, while a member of said society, the sum of $50.00 to be paid to such person as she may have designated.

That said plaintiff paid into said society the entrance fee of $1.00, and also the sum of $1.45 monthly required, as aforesaid, and continued a member in good standing in said society for a period of five years thereafter, to wit: until May 12, 1896; that at and after said date, and while plaintiff continued to be a member in good standing and in good health, said society, through its officers and agents, wrongfully and unlawfully, and without any just reason or excuse whatever, refused to recieve and accept the monthly dues of said plaintiff for said month of May, and has continued to refuse to receive and accept the same, although said plaintiff has always been able and ready and willing and anxious to pay the same, and made frequent written requests to said society to receive said dues, and, furthermore, made formal tender thereof at the office of said society; and said society through its said officers and agents, have furthermore unlawfully and wrongfully refused to acknowledge said plaintiff as a member of said society since said time, without any just cause or reason whatsoever, and have refused to admit her to enjoy the privileges and benefits as a member of said society, wherefore she avers she has suffered damages from said defendant in the sum of $1,000, which amount she claims in this suit.

Defendant filed the following grounds of demurrer:

1. That the suit has been brought in trespass and the state-

ment filed in support thereof is insufficient in law in that it declares on an alleged certificate and fails to set out the same.

2. That the statement filed is insufficient in law in that no copy of the alleged certificate on which the suit was brought has been filed of record in the cause and no copy served upon the said defendant or its counsel.

3. That it is alleged in said statement that while the plaintiff continued to be a member of defendant society in good standing, said society wrongfully and unlawfully refused to receive and accept the monthly dues of said plaintiff, but that the said plaintiff does not allege in said statement that the plaintiff became entitled to any money, or that the defendant became liable to pay the plaintiff any money by reason of said certificate.

The court overruled the demurrer, and the case was tried on the merits.

The jury returned a verdict for $390. A remittitur was filed for all sums over $119.68, and judgment was entered for plaintiff for $119.68.

*Errors assigned* were (1) in overruling demurrer. (2–5) Various rulings on evidence referred to in the opinion of the Superior Court.

*T. Elliott Patterson*, for appellant.—The suit was improperly brought: Maher v. Ashmead, 30 Pa. 344; Averill v. Smith, 17 Wallace, 82; Lavalle v. Société Saint Jean Baptiste, 17 R. I. 680; Day v. Connecticut General Life Ins. Co., 45 Conn. 480; Alabama Gold Life Ins. Co. v. Garmany, 74 Ga. 51; Metropolitan Life Ins. Co. v. McCormick, 27 Ins. Law Jour. 271; Brooklyn Life Ins. Co. v. Week, 9 Ill. App. 358.

The court erred in permitting the plaintiff, under objection, to testify as to conversations between her and the defendant's agents, the purpose and effect of which were to establish a waiver of the clause of forfeiture contained in the policy, to extend the time for paying the premiums, and to vary the terms of the contract, and upon which testimony the plaintiff was allowed to recover: Bliss on Life Insurance, sec. 179; Klein v. New York Life Ins. Co., 104 U. S. 88; New York Life Ins. Co. v. Statham, 93 U. S. 24; Lantz v. Vermont Life Ins. Co., 139

Pa. 546; Holly v. Metropolitan Life Ins. Co., 105 N. Y. 437; Ayer v. New England Mut. Life Ins. Co., 109 Mass. 430; Ins. Co. v Robinson, 40 Ohio, 270; Willcuts v. N. W. Mutual Life Ins. Co., 81 Ind. 300; Edwald v. N. W. Mutual Life Ins. Co., 60 Wis. 431; Marston v. Massachusetts Life Ins. Co., 59 N. H. 92; Washington Mut. Fire Ins. Co. v. Rosenberger, 84 Pa. 373; Globe Mut. Life Ins. Co. v. Wolff, 95 U. S. 329; New York Life Ins. Co. v. Fletcher, 117 U. S. 519; Knickerbocker Ins. Co. v. Norton, 96 U. S. 329; May v. New York Safety Reserve Fund Society, 14 Daly, 389; Philips v. Balt. Mut. Aid Society, 6 Pa. Superior Ct. 157; Maryland v. Royal Ins. Co., 71 Pa. 396; Waynesboro Mut. Fire Ins. Co. v. Conover, 98 Pa. 384; Greene v. Lycoming Fire Ins. Co., 91 Pa. 389; Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 142.

*F. T. Pusey,* with him *Wendell P. Bowman,* for appellee.— Trespass was the proper form of action: Zell v. Dunkle, 156 Pa. 353; Smethurst v. Woolston, 5 W. & S. 106; McCahan v. Hirst, 7 Watts, 179; Chicago, etc., R. R. Co. v. Ward, 16 Ill. 533; Robinson v. Threadgill, 13 Iredell, 39; 1 Hillard on Torts, 3; Krause v. Penna. R. R. Co., 4 Pa. C. C. R. 64; Lavalle v. Société Saint Jean Baptiste, 17 R. I. 680; Kerns v. Prudential Ins. Co., 11 Pa. Superior Ct. 209; McAden v. American Life Ins. Co., 109 Pa. 399; Helme v. Phila. Life Ins. Co., 61 Pa. 107; Bresnahan v. Prudential Ins. Co., 7 Pa. Superior Ct. 1; Marshall v. Franklin Fire Ins. Co., 176 Pa. 628.

The evidence of plaintiff was properly admitted: Knickerbocker Life Ins. Co. v. Norton, 96 U. S. 234; Helme v. Phila. Life Ins. Co., 61 Pa. 107; Ruse v. Mut. Benefit Life Ins. Co., 26 Barb. 556; Buckbee v. United States Ins., etc., Co., 18 Barb. 541.

OPINION BY RICE, P. J., April 16, 1901:

This was an action of trespass. The plaintiff alleged in her statement of claim, that the defendant is a corporation engaged in the business of a beneficial and life insurance society; that in May, 1891, she became a member of the society and received a certificate of membership, which in consideration of the payment of an entrance fee and certain monthly dues " entitled

her to continue her membership in said society, and to receive benefits in the event of sickness of $6.00 per week, and in the event of her death, while a member of said society, the sum of $50.00, to be paid to such person as she may have designated;" that she paid her dues and continued to be a member in good standing until May, 1896; that the defendant wrongfully and without excuse refused to receive her dues for that month; and from that time, through its officers and agents, unlawfully and wrongfully refused to acknowledge her as a member of the society, and to admit her to enjoy the privileges and benefits of a member; wherefore, she sustained damages in the sum of $1,000.

That the statement of claim set forth the substance of a good cause of action we think cannot be disputed. With one exception, the authorities cited by the defendant's counsel show that she had an election of remedies; either to institute a proceeding to have her certificate of membership adjudged in force; or to tender the dues each month and when benefits became payable sue for the same; or to sue at once for the damages she sustained by reason of the defendant's wrongful act; or, if no benefits had been received, to treat the contract as rescinded and sue to recover back the money paid under it. The latter course was pursued in American Life Ins. Co. v. McAden, 109 Pa. 399, and Kerns v. Prudential Ins. Co., 11 Pa. Superior Ct. 209. But it is argued that when the gravamen of the action is a breach of duty, expressly assumed by contract, not the breach of a collateral duty, the form of action should be assumpsit. We do not deem it necessary to enter into a discussion of this question; for a careful examination of the record fails to show that this objection to the form of action was distinctly raised in the court below. No request was made for instructions that under the pleadings there could be no recovery, and no exception was taken to the charge. Turning then to the demurrer we find that the reasons assigned in support of it did not touch the question of the form of action, but related only to certain alleged defects in the statement, neither of which is fatal where the action is trespass. If the objection had been distinctly raised in the court below, the form of action could have been amended. Not having been made there, we do not think it should be sustained here. An appellate court is slow to re-

verse for an error in the form of action, after a trial on the merits: Short v. Messenger, 126 Pa. 637. "A technical objection of this nature comes with little force after a trial upon the merits, especially in cases where the party making it has received no injury thereby:" Williams v. Hay, 120 Pa. 485. This is such a case. Therefore, the first assignment is overruled.

In her written application for membership the plaintiff stipulated that "if any of the dues or assessments are not paid on or before the days on which they shall fall due, then, . . . . said certificate of membership and this contract shall become ipso facto null and void, and all moneys paid shall be forfeited to the society." She also agreed, quoting from the application, "That all the conditions and provisions contained in the certificate of membership hereby applied for shall be binding upon me." It was expressly stated in the certificate of membership that the defendant's undertaking to pay benefits was "in consideration of the agreements, warranties and statements made to said society, and the payment of the sum of one hundred and forty-five cents on the twelfth day of every month during the lifetime of said member." The material part of the fourth condition reads as follows: "And in the event of a failure to pay either dues or assessments within three days after the day on which they shall become due . . . . then, in either case, or for any fraud on the part of said member, this certificate shall be ipso facto null and void, and of no effect whatever, and all payments made on account of same shall be forfeited to the said The Alta Friendly Society, and the member shall have no claim whatever upon the society." The by-laws, which were expressly made part of the certificate, contained this further provision: "All dues and assessments shall be due and payable at the Philadelphia office of the society at the time named in the application for membership, and the collection thereof by an agent shall be deemed wholly as a courtesy on the part of the society, and shall not be construed as a waiver of any rights of the society." The certificate contained a similar clause, and also the following: "No agent has power to make, alter or discharge contracts, waive forfeitures, or grant credits." When the plaintiff became a member, the society issued to her a book in which payments as they were made were receipted by the agent or collector

It contained the following printed instructions: "Member's Guide. First.—The monthly dues must be paid in advance on the 12th day of every month. Second.—If you should fail to pay the collector, or if he should fail to call for the money, within three days of the date mentioned, you must either bring or send the amount of your dues immediately to the association office, otherwise you will forfeit what you have paid." The foregoing is a summary of the written evidence of the contract between the plaintiff and the society.

The plaintiff testified, in substance, that she was absent from home when the collector called for her dues which were payable on May 12; that he left his card with an oral message that he would call again; that a week or ten days later she mailed to him a postal card requesting him to call, and that about thirty days after the dues were payable she went to the society's office and tendered payment, which was refused. By no possible interpretation of her application, or of her certificate of membership, or of the by-laws, was the society bound to receive her dues at that time and to continue her certificate of membership in force. In policies of life insurance time is material, and this is equally true of stipulations for prompt payment of dues and assessments by members of beneficial societies; "and in such associations it is obviously necessary that it should be so:" Dickinson v. A. O. U. W., 159 Pa. 258. And, even if it be assumed that the plaintiff was justified in relying upon and following the instructions printed in her receipt book, still she was in default, because she did not tender the dues "immediately" after the fifteenth of the month.

We come then to the principal question in the case. As an excuse for her default the plaintiff alleged, and was permitted to testify, under objections, to certain statements made to her by William Crowell and Robert Fried, to the effect that if the collector did not call on the precise day, or within the three days' limit, she need not take or send her dues to the office, but after notifying him by mail to call for her dues, she might safely await his coming; that the instructions in her receipt book that she must take her dues to the office were merely a matter of form, and other statements to the same effect. It is to be noticed, that all these declarations were made after she became a member of the society; and it is not pretended that

either Crowell as superintendent, or Fried as a mere collector, had authority, by virtue of his position, to change the time or method of payment or to annul, suspend or alter the forfeiture clause of the contract. On the contrary, her certificate of membership contained express notice to her that they had no such authority. Standing alone the evidence was clearly incompetent in this issue for any purpose. But it appears that seven of the sixty payments made by her were made after the fifteenth of the month, and were accepted by the society without objection. The latest was on the seventeenth of the month. It is argued that evidence of the circumstances under which these seven payments were made and accepted, including the declarations of the agent at the time which induced her to make them, was admissible as tending to establish such a course of dealing between her and the society as to induce the belief on her part that the clause of forfeiture would not be enforced if she paid within a reasonable time after the fifteenth of the month. Even if this view be accepted, much of the testimony was inadmissible. For example the plaintiff testified that on one occasion when she took her dues to the office and afterwards informed Fried of it, he said to her: " The company will censure me for carelessness when I don't come. Here is a postal card. Don't take your money down." We refer to this simply as an illustration. Many of the other declarations testified to by her were equally irrelevant as explanatory of any act of the collector which it may be presumed that the society ratified and approved. There is a still more serious objection which we think applies to the testimony as a whole. As we have already pointed out, the dues were payable, at the latest, on the fifteenth of the month, or if the collector failed to call (which was not the case here) "immediately" thereafter. They were not tendered until about thirty days afterwards. No such default had been overlooked before, and no course of dealing had been established which would reasonably induce the belief that it would be overlooked in this instance. The manifest purpose of the testimony was to show, not merely that she might take her dues to the office within a reasonable time, if the collector failed to call within the three day's grace, but that she might wait indefinitely for him, provided she notified him by mail to call for her dues. To give it

any effect, in view of her admitted delay, would be to hold that Crowell and Fried had authority to bind the society by a new agreement, utterly inconsistent with the by-laws and the certificate of membership. There was no evidence that they had such authority; therefore the evidence should have been excluded.

The question as to the measure of damages is not raised by the assignments of errors, and the charge of the court was not excepted to. There is therefore no necessity for prolonging this opinion by a discussion of the question.

The judgment is reversed and a venire facias de novo awarded.