Cicchillo et al. *v.* Ricciotti Garibaldi Mutual and Beneficial Society of Scranton, Appellant.

Argued March 6, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Rhodes and Hirt, JJ.

*Earnest D. Preate,* for appellant.

*Ralph G. Mastriani,* for appellees.

OPINION BY HIRT, J., July 18, 1941:

Defendant is an incorporated beneficial society organized for the purpose of giving financial assistance to members when sick or injured and for the payment of $400 to the widow and heirs upon the death of a member. The question here involves the construction of two by-laws of the society to determine whether Angelo Cicchillo was a beneficial member on July 23, 1935 when he died. The jury found for plaintiffs.

There is no dispute that decedent's dues for the months of June and July 1935 were not paid until July 18, 1935. The monthly dues under art. 44 of the by-laws [1] must be paid at the first monthly meeting of the Society. Two meetings were held each month, one on the first Sunday and the other on the third Thursday, except during July and August when there was but one monthly meeting, on the third Thursday. The first meeting in June 1935 was on the first Sunday of that month and the first and only meeting of the society in July was held on July 18, 1935, when the dues for both months were paid. On that date decedent was delinquent in the payment of his dues for June 1935. Whether his delinquency for one month bars his widow and heirs from death benefits depends upon a construction of the above by-law read with art. 45, which provides: "If a member continues to remain in arrears, on the first day of the second month he becomes delinquent and non-beneficial." The pleadings restrict the question to that issue.

Where the by-laws of a beneficial society provide for the payment of assessments or dues within a certain specified period to make a member beneficial, time is of the essence of the contract and failure to pay within the designated time relieves the society from liability.

---

[1] The assessments or monthly dues must be paid in advance at the first monthly meeting of the society. If the member does not pay at that time he becomes in arrears and as such loses the right to maintain any office until he pays to date.

*Dickinson v. A. O. U. W.,* 159 Pa. 258, 28 A. 293; *Ellis v. Alta Friendly Society,* 16 Pa. Superior Ct. 607. In construing a by-law of a fraternal society which affects the contractual relation between a member and the society, it is fundamental that words which have no fixed technical meaning must be taken in their natural and obvious sense. *Bole v. Fire Ins. Co.,* 159 Pa. 53, 28 A. 205. Language which is clear and unambiguous cannot be construed to mean other than what it says. *Lyford v. Insurance Co.,* 122 Pa. Superior Ct. 16, 184 A. 469. On the other hand, a by-law providing for a forfeiture of the right to share in the benefits of the society will be construed most strongly against the society and if reasonably susceptible of two interpretations will operate in favor of the insured. *Matura v. United Societies,* 128 Pa. Superior Ct. 365, 194 A. 341.

June 2, 1935 was the date of the first meeting in that month when, under art. 44, June dues were payable in advance. If we were to give the construction contended for by defendant, decedent would have had a period of grace until July 1, 1935, of but 28 days, after which his rights to benefits would have become forfeited. The first Sunday of a month might fall on the seventh day, further reducing the period. The fact that this would work a hardship as applied to decedent who had paid his dues continuously for twenty-five years is not controlling, (*Rhule v. Accidental Fund,* 13 Pa. Superior Ct. 416) but it gives some support to our interpretation of the disputed by-laws. It is probable, in enacting by-laws, that the members did not intend to work a forfeiture for non-payment of dues after a grace period so unreasonably short. "In construing the rules and laws of a mutual benefit association, the court will put upon them a liberal construction, and give to the language such meaning as to carry out the manifest intent of the parties": 2 Cooley's Briefs on Ins., (2d Ed.) 1132.

The original by-laws of defendant society are in the Italian language. Whether the English translation in question conveys the precise meaning of the idiom of the original is not in issue, for it is agreed that the English version above quoted is a correct "interpretation" of those articles. Therefore we have to do with a construction of the language of the translation.

Plaintiffs need not invoke the rule of liberal construction, for taken literally, the by-laws support their right of recovery. "Second" perhaps has been best defined as "coming next after the first according to any contextually understood principle of enumeration (e.g. in order of time ......) : the ordinal corresponding to the cardinal two." Oxford English Dictionary. This is the accepted meaning in the common usage of the word. Without a *first* there can be no *second,* and the phrase "second month" in the disputed by-law must relate to a primary, i.e. a *first month.* In art. 44 there is no reference to the month in which the dues are payable, as the *first month.* It refers only to the first *meeting* of the month and the only designated primary is a meeting day and not the month of that meeting. Language might have been used to express the intended meaning with more clarity, but from a reading of the two articles together, we think it clear that both the first and the "second month" were months in the future; that the first day of the second month following the June meeting was August 1, 1935 and that the primary to the second month was July. It follows that decedent's dues were paid in time to avoid a forfeiture and that plaintiffs are entitled to recover.

Judgment affirmed.