Caputo, Admrx., *v.* Societa' Italiana Vittorio Emanuele III Principe Di Napoli, Appellant.

Argued March 5, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*S. U. Colbassani,* with him *John Memolo* and *Horace R. Cardoni,* for appellant.

*Ralph G. Mastriani,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

Assumpsit was brought to recover death benefits to plaintiff's intestate from a fraternal benefit society of which decedent had been a member for many years. Decedent did not remit his current dues of $2.00 payable December 4, 1943. He died December 21, 1943. Appellant contends that under the by-laws the benefits were forfeited. The court below held that the member died within the grace period of thirty days provided in the by-laws, entered judgment for plaintiff and defendant appealed.

The by-laws are badly drawn or badly translated (they were written in Italian with an English version). The first sentence of §43 reads:

"The payment of the monthly dues, fines, and diverse taxes should always be made at the first usual meeting of every month."

The ambiguity arises from the two successive sentences: "The member who fails to pay his dues quota at the first usual meeting of the month is not rendered eligible[1] for the first month, if he meets this obligation at the next monthly meeting.

"If he does not pay his obligation, as stated above, at the next meeting, after the one in which he failed to pay his first obligation, he is rendered ineligible to receive benefits for any misfortune which may visit him, sickness, operation or the like . . ."

Any doubt as to the construction of these provisions must be resolved in favor of the beneficiary: *Reid v. Sovereign Camp of Woodmen of World*, 340 Pa. 400, 17 A. 2d 890. Provisions as to forfeiture of the right to share in the benefits will be construed most strongly against the society, and if reasonably susceptible of two interpretations will operate in favor of the insured: *Cicchillo v. Ricciotti Garibaldi Mutual & Beneficial Soc. of Scranton*, 145 Pa. Superior Ct. 508, 21 A. 2d 447; *Slanina v. Greek Catholic Union of Russian Brotherhoods of U. S.*, 153 Pa. Superior Ct. 298, 33 A. 2d 807.

To forfeit this member's $600 death benefit because of a failure to pay $2.00 is unthinkable unless compelled by clear, unambiguous phrasing.

The second sentence: "If he does not pay his obligation [dues etc.] at the *next* [monthly] meeting after the one in which he failed to pay . . . he is rendered ineligible [for benefits]" leads anyone to the conclusion of a grace period, i.e. between monthly meetings. In ad-

---

[1] It is probable that the real word was "ineligible", which would make consistent the sentence that follows. This was also the view of the Common Pleas.

dition, if the first sentence worked a forfeiture on failure to pay when due,—there is nothing added by the second sentence.

Judge FARR for the court below well said: "The law of forfeiture is hard enough, but to permit a beneficial society (whose members are composed of uneducated day laborers, as indicated by counsel for the defendant at the argument) to hold out such an invitation and then repudiate the contract if the payment is not made on the first meeting, and the member dies before the second meeting, would bring the law into contempt."

Judgment affirmed at cost of appellant.