## Margaret Philips *v.* The Baltimore Mutual Aid Society, Appellant.

*Insurance—Mutual aid society—Construction of policy—Delay in payment—Province of court.*

Where members of a mutual aid society are classed as nonbeneficial if in arrears for dues for more than three weeks and, even when reinstated, remain nonbeneficial for five weeks thereafter, the beneficiary of a member so in default cannot recover death benefits. The fact that the receipt book of decedent shows acceptance of dues by the company at irregular times is no evidence of an intent of waiver by the company of any rights secured to it by the policy or to change its terms. The facts being undisputed, the question was for the court, and it should have directed a verdict for the defendant.

Argued Oct. 20, 1897. Appeal, No. 122, Oct. T., 1897, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1895, No. 860, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Appeal from magistrate. Before PENNYPACKER, P. J.

It appears from the evidence that suit was brought in assumpsit to recover for death benefits which were admitted to be $50.00, and the sum of $5.00 per week sick benefits, for which the plaintiff is the beneficiary.

As to the claim for benefits the defense set up was a provision of the policy to this effect :

" Any member in arrears for more than three weeks' dues shall not be entitled to benefits, but such members can be reinstated by paying such arrears, and passing an examination, though they will not be entitled to benefits should sickness, accident or death occur within five weeks from date of reinstatement."

By a receipt book offered in evidence by the plaintiff it appeared that during the time covered by the book, payments were accepted from Hannah Philips in periods of three or four weeks, and that on the 15th of October, decedent was three or more weeks in arrears. She died on the 22d of October, 1894.

Defendant's points, which were refused by the court, were as follows :

1. If the jury find from the evidence that the decedent had become nonbeneficial by being more than three weeks in arrears prior to her death and had not paid up those arrears more than at least five weeks prior to her death so as to become beneficial under the terms of the policy, then their verdict should be for the defendant. *Answer :* I decline that point.

2. The verdict of the jury should be for the defendant. *Answer :* I decline that point.

Verdict and judgment for plaintiff for $61.91. Defendant appealed.

*Errors assigned* were refusal of defendant's points.

*Edward A. Anderson*, with him *John H. Fow*, for appellant.— The form of this policy has been passed upon by the court of common pleas in Dauphin county, and held to be valid and binding : Simms v. Ins. Co., 15 C. C. R. 642.

This case is governed by the rulings in Lantz v. Ins. Co., 139 Pa. 546.

Although the amount involved in this matter is small, the principle is important.

*Joseph W. Hunsicker*, with him *Charles Hunsicker* and *George Thorn Hunsicker*, for appellee.—Forfeitures are odious in law and are enforced only where there is the clearest evidence that that was what was meant by the stipulation of the parties : Helme v. Ins. Co., 61 Pa. 107.

The case of Simms v. Ins. Co., cited by the appellant, does not apply to this case. The other case cited by the appellant of Lantz v. Ins. Co., only decides that the company was not bound to accept the premium after the death of the insured.

OPINION BY PORTER, J., December 13, 1897 :

In the policy of insurance sued on was the provision : " Any member in arrears for more than three weeks' dues, shall not be entitled to benefits, but such members can be reinstated by paying such arrears and passing an examination, though they will not be entitled to benefits should sickness, accident or death occur within five weeks from date of reinstatement." The plaintiff, the mother of the insured, submitted testimony to prove the identity of the insured and the death on October 22, 1894. She offered in evidence the policy and a so-called receipt book showing payments of dues or premiums. The defendant offered no evidence, claiming that the entries in the receipt book showed that the insured was in default at the time of her death. The policy was dated December 20, 1889. The insured had been paying dues for nearly five years. The policy and receipt book were found in her trunk after her death. There was no evidence indicating with what regularity she paid her dues preceding April, 1894. The receipt book included only payments made from April 9, 1894, to the time of the death of the insured, but recited " old book paid up to date." There was no testimony to explain the entries in the receipt book, which consisted merely of dates and initials. In the absence of such explanation they would seem to indicate that the insured had made payment of her dues not on the days contemplated by the policy, but at irregular periods,—most of them when she was more than three weeks in arrear. This however was not evidence of an intention to waive any rights under the policy or to vary any of its terms. It was a course permissible by the stipulation above quoted. The purpose of that clause was to give the insured an opportunity to avert, in part, the effect of failure to pay the premiums when due. It gave a right of reinstatement but attached the condition that she should not be entitled to benefits for five weeks subsequent to such reinstatement. By the receipt book it appears that on October 8, 1894, being then more than three weeks in arrears, she made a payment reinstating

herself. She died October 22, 1894, within the five weeks following the reinstatement. The insured being thus in default by the terms of the policy the beneficiary was entitled to no benefit thereunder.

We are therefore of opinion that the learned trial judge erred in not directing a verdict for the defendant. The second assignment of error is sustained and the judgment is reversed.