Bridget Lydon, Administratrix of the Estate of Daniel J. Lydon, deceased, *v.* the Police Pension Fund Association of the City of Pittsburg, Appellant.

*Beneficial association—Beneficial member—Essential conditions.*

A man is not a beneficial member in good standing of a beneficial association unless he is a member who has conformed to all of the by-laws of said corporation as to all contracts and agreements which he has entered into with said association.

Where the agreement entered into by the proposing member provides for him passing a medical examination and this condition has never been complied with, he does not become a beneficial member of the association.

Argued May 4, 1898. Appeal, No. 192, April T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny County, April T., 1898, No. 369, in favor of plaintiff on case stated. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Case stated. Before WHITE, P. J.

The following facts appear from the case stated:

Daniel J. Lydon died March 23, 1896, and Bridget, his mother,

was duly appointed administratrix of his estate; that on March 1, 1893, the said Daniel J. Lydon, deceased, applied for a position on the police force of the city of Pittsburg as wagon man, and in pursuance of the requirements of the department of public safety of the said city, underwent a physical examination by the police surgeon, and failed to pass the examination entitling him to the benefits of membership in the defendant's association.

Thereafter, on the 7th day of July, 1895, the said Daniel J. Lydon was appointed a patrolman on the police force of the city of Pittsburg, by J. O. Brown, director of the department of public safety, but was detailed to perform and did perform the duty and work of janitor of No. 8 police station, of Pittsburg.

That at the date of his said appointment, the said Daniel J. Lydon did execute and enter into a certain written agreement with the defendant association, as required by the by-laws of the said association, whereby it was provided that the said Daniel J. Lydon, in consideration of his said appointment as a patrolman, should contribute and pay to the defendant association dues in like manner as other applicants who had passed the proper medical examination for admission to the said association, and did further thereby waive, relinquish and release all claims and demands whatsoever upon the defendant association, and all benefits or dues belonging to persons passing a proper medical examination, and becoming members of the said association. A true copy of the said agreement is hereto attached and marked "exhibit C."

That from the date of his said appointment to the date of his death, the said Daniel J. Lydon performed the duty pertaining to the position of patrolman on the police force of the said city of Pittsburg, at such times as directed by the director of the department of public safety, or other proper person, and at the date of his death he was a member, in good standing, of the police force of the said city of Pittsburg, and in accordance with the by-laws of the defendant association and the agreement signed by the said Daniel J. Lydon, there was deducted from the salary of the said Daniel J. Lydon, by the controller of the city of Pittsburg, and paid to the defendant association the dues or assessments called for by the said association.

If the court be of opinion that upon the facts set forth, that the said Bridget Lydon, administratrix of the estate of Daniel J. Lydon, deceased, is entitled to recover from the defendant, then judgment shall be entered in favor of said administratrix and against the defendant in the sum of five hundred ($500) dollars, otherwise judgment to be entered for defendant; the costs to follow the judgment, and either party reserves the right to sue out a writ of error or appeal.

The agreement referred to in the case stated as "exhibit C" is as follows:

"Agreement accepting and ratifying the by-laws of the police pension fund association of the city of Pittsburg, with the undersigned employees of the bureau of police of the city of Pittsburg.

"In consideration of the mutual advantages, benefits and profits arising to us by virtue of the police pension fund association of the city of Pittsburg, and the by-laws thereof, and the amendments to said by-laws, we hereby agree, indorse and ratify the said by-laws and acknowledge the same to be in the nature of an article of agreement binding us, as members of the association, to all the conditions, requirements and provisions of said association, as set forth in said by-laws; provided, that the parties signing hereto, indorsing, agreeing to and ratifying these by-laws, each for himself, covenants and agrees that any fines or assessments levied, assessed or imposed upon him, in the nature of penalties or punishment for violating any of the rules and regulations governing the bureau of police, shall be retained out of his next month's pay; provided, that the said fines or penalties shall not exceed the sum of $25.00 in any one month, and provided, further, that such assessments, penalties or fines shall be in lieu of per diem suspensions for violations aforesaid; that is to say, the party so assessed or fined for violations aforesaid, shall, in lieu of losing time, be upon the regular police force, performing duty in his regular capacity and the number of days that he would otherwise be compelled to lose, shall be now deemed and understood to be in the nature of a fine as aforesaid; that is to say, that instead of suspensions for violations aforesaid, fines may be imposed by the proper officers of the bureau of police; and provided, further, that the same shall be retained by the city controller

and paid over to the Pittsburg Trust Company, the same as provided for in section 3 of article XI., in regard to dues ; provided, further, that the same shall not exceed the sum of $25.00 in any one month. And we, the undersigned, further agree that in case any one of us signing this article of agreement and accepting these by-laws shall have been appointed to the bureau of police by the director of the department of public safety do specially covenant and agree, each for himself or ourselves, that in consideration of the said appointment, and not having passed a proper medical examination, we covenant, promise and agree to be bound by all the articles of agreement, by-laws and regulations governing the police pension fund association, and to pay and contribute to pay our respective dues in like manner as the applicants who have proper medical certificates, and hereby specially waive, relinquish and release all claims or demands whatsoever upon the aforesaid police pension fund association of the city of Pittsburg and all the benefits and dues belonging thereto."

Judgment for plaintiff on case stated for $500. Defendant appealed.

*Error assigned* was entering judgment in favor of the plaintiff and against the defendant.

*J. H. Beal*, with him *Clarence Burleigh*, for appellant.—The defendant's propositions are : (1) That Lydon was not a member of the defendant association ; (2) that by the agreement, made at the date of his appointment, he released all claims and demands he might otherwise have had against the defendant association, and that said agreement is valid and binding ; (3) that the case stated nowhere admits that Lydon was a member of said association ; (4) that it is distinctly admitted that he was not eligible to membership, in that he had not passed the required medical examination.

*John F. Miller*, with him *James F. Burke*, for appellee.—The appellee contends that this release is not binding, (1) because there is no legal consideration, or other consideration, to support the same ; and (2) because said release does not waive the right of Lydon's heirs or legal representatives to claim the money due them under the by-laws.

It will be manifest to the court, that no advantages were derived by Lydon from the said association by being allowed the gracious permission to pay dues thereto and simultaneously robbed of his right to participate in the benefits of the association. As to his appointment as a police officer, the defendant association had nothing at all to do with that. As remarked by the learned judge below : " Now, the association had nothing whatever to do with his appointment or medical examination. The appointment was by the director of the department of public safety. . . . No consideration moved from the defendant association to justify such an agreement. It was wholly one-sided."

OPINION BY REEDER, J., July 29, 1898 :

The facts in this case were agreed upon for the opinion of the court in a case stated. The plaintiff is the administratrix of Daniel Lydon who was appointed janitor of the police station in the city of Pittsburg, where he performed his duties until his death.

She seeks to recover from the defendant corporation $500, which she would be entitled to had he died a beneficial member in good standing in the defendant corporation. Unless he was a member who had conformed to all of the by-laws of said corporation as well as to all contracts and agreements which he had entered into with them relative to the payment of this sum to his heirs or legal representatives, this plaintiff would not be entitled to recover.

For the purpose of determining the facts in the case we are wholly confined to the facts as agreed upon in the statement in the court below. In the case stated we find nowhere a statement that Daniel J. Lydon deceased, was ever a member entitled to the benefits of the defendant association. He at the date of his appointment executed and entered into a certain written agreement with the defendant association to pay dues in like manner as other applicants but released all claims and demands whatsoever upon the defendant corporation for benefits until he passed a proper medical examination.

Two years before the date of his appointment he had made application for appointment upon the police force, and the police surgeon gave a certificate that he had not good eyesight

and good hearing, that in his opinion he was not physically qualified to become a patrolman. He was appointed to the position which he occupied at the time of his death without undergoing a further medical examination.

The conditions in the agreement which he had signed and which is attached to the case stated as " exhibit C " had never been complied with by him and he therefore never became entitled to the benefits.

The contention by the learned judge of the court below that this agreement was without any consideration to sustain it, is not in our judgment good in point of law. The case stated inferentially admits that he was not eligible to membership because he had not passed the required medical examination. The mere fact of his appointment to a position in the bureau of police did not of itself constitute him a beneficial member of the corporation. All employees or members of the force who have passed the examination were eligible to the benefits · which were allowed by this association to its members. All persons not passing the examination who signed an agreement such as this became members without being entitled to benefits. At the time of his appointment to the bureau of police, Lydon signed an agreement which is attached to the case stated marked " exhibit C" by which it is provided " that the undersigned further agree that in case of any one of us signing this article of agreement and accepting these by-laws shall have been appointed to the bureau of police by the director of public safety do specially covenant and agree, each for himself or ourselves that in consideration of said appointment and not having passed a proper medical examination, we covenant, promise and agree to be bound by all the articles of the agreement, by-laws and regulations governing the police pension fund association and to pay and contribute to pay our respec· tive dues in like manner as the applicants who have proper medical certificates and have by special waiver relinquished and released all claims or demands whatsoever upon the aforesaid police pension fund association of the city of Pittsburg and all the benefits and dues belonging thereto." We can find in the case stated nowhere a statement of fact which would justify the court below in holding that this agreement was executed by Daniel J. Lydon, without consideration. It ap-

pears however, extraneous to the facts agreed upon which seems to have been considered in the court below and which were referred to in the argument in this court that the object in having persons not passing the medical examination sign this agreement was an ordinance which increased the pay of all the members of the bureau of police for the purpose of enabling them to pay the dues to the association, but whether this is true or not, whether this fact can be taken into consideration or not is unnecessary for us to determine. In the case stated the fact is established that he did sign this agreement and there is nowhere any allegation or any fact in the case stated from which the inference can be drawn that this agreement was without consideration.

The judgment of the court below must, therefore, be reversed.