## Charles Jacobs v. The Baltimore Mutual Aid Society, Appellant.

*Beneficial association—Non-beneficial member—Question of fact.*

The question whether or not a member of a beneficial society was "non-beneficial" at the time his claim for benefits arose, being one of fact, it was proper to submit it to the jury.

Argued Nov. 16, 1898. Appeal, No. 6, Oct. T., 1898, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1895, No. 31, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before BRUBAKER, J.

It appears from the evidence that the plaintiff, a member of the society, claimed certain sick benefits, but it was alleged by defendant that when the plaintiff forwarded his premium receipt book to the home office it was discovered that he was not in good standing; that he was six weeks in arrears for dues and had lost his standing in the society until five weeks after he had paid all arrears, which he did not do until later. The court left the question of defendant's liability to the jury.

Verdict and judgment in favor of plaintiff for $16.95. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Henry Carpenter*, for appellant.

*B. F. Davis*, for appellee.

PER CURIAM, December 15, 1898:

The question whether or not the plaintiff was "non-beneficial" at the time his claim for benefits arose was one of fact and was properly submitted to the jury. We have been referred to no clause in the policy which makes the member's receipt book conclusive evidence of his standing, but conceding that the question was to be determined by the entries therein, the credibility of the witnesses who testified as to the contents of the book which was lost, was for the jury. Moreover the testimony of those witnesses was not uncontradicted. The plaintiff testified that he was not in arrears and that the book did not show that he was. It follows that if the court had withdrawn the case from the jury for the reason stated in the point it would have been manifest error.

Judgment affirmed.