# Rhule v. Diamond Colliery Accidental Fund.

*Beneficial fund—Nonbeneficial member—Notice—By-laws.*

Where the by-laws of a beneficial fund declare that a member becomes nonbeneficial if he does not pay assessments at given times, no question of notice is involved and it becomes the duty of the member to keep himself advised whether or not he is in arrears for assessments at the risk of becoming nonbeneficial.

Argued Jan. 12, 1900.   Appeal, No. 54, Jan. T., 1900, by plaintiff, in suit of Emily C. Rhule against Diamond Colliery Accidental Fund, from judgment of C. P. Lackawanna Co., March T., 1897, No. 1048, on verdict for defendant.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. POR-TER and MITCHELL, JJ.   Affirmed.   Opinion by ORLADY, J.

Exceptions to referee's report.   Before ARCHBALD, P. J.

It appears from the record that the action was assumpsit sought to recover $100 funeral benefits to defray the funeral expenses of William H. Rhule, the husband of plaintiff, who was alleged in the statement to have been a duly constituted member in good standing of defendant fund, and as such entitled under the constitution and by-laws to have his family indemnified for the funeral expenses in the sum of $100.

The defendant is a voluntary association organized to provide funds for the benefit of such of its members as may be injured by accident in the mines, or of their families in case of their death.   Membership is limited as its name implies to those who are employed at the Diamond Colliery, Scranton, and the right to benefits in any given case is to be determined by reference to the rules of the association.

By article 3 of the by-laws it is provided that " in case of the death of any member in good standing resulting from accident or natural death while employed at the Diamond Mines, the fund shall pay to his family the sum of $100 to defray expenses of the funeral.   In case he has no family or heirs, the board of directors shall see that the moneys are properly applied towards defraying expenses of the deceased."   It is to be noted that according to this provision the member at the time of his death must be in good standing or no benefits follow.   This is further enforced by article 5 which provides : " Any member neglecting to pay his assessment on pay day when called, must pay it at the first meeting of the fund thereafter ; failure on his part to do so, he shall not be entitled to receive any benefits from the fund ; and any member neglecting to pay his assessments within three months shall be struck off the roll of membership."

The referee at first found in favor of the plaintiff, and upon exceptions to his report having been sustained, reported in favor

of the defendant, whereupon plaintiff filed among others the following exception:

[10. The learned referee erred in not finding that "the plaintiff is entitled to recover $100 of the defendant with interest from September 1, 1896, subject to deduction of fifty cents.] [8]

The court below dismissed the exceptions to the referee's second report and entered judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (8) in overruling plaintiff's tenth exception, reciting same. (9) In deciding that the present case involves "no question of notice," and "it is not a case of forfeiture at all."

*D. B. Replogle,* for appellant.—If the constitution and by-laws "make no provision with regard to notice," then the ordinary notice of indebtedness should be given: 3 Ency. of Law (2d ed.), pp. 1062–1087.

And in determining reasonableness of by-laws, the objects of the association are to be considered: 3 Ency. of Law (2d ed.), pp. 1062–1087; Com. v. St. Patrick's Ben. Soc., 2 Binn. 441.

By-laws to be valid must operate equally: 5 Ency. of Law (2d ed.), 100.

Notice of assessment is necessary to work forfeiture: Life Assn. v. Hamlin, 139 U. S. 297.

Publication is not sufficient if plaintiff did not have actual notice: Ins. Co. v. Hoff, 2 W. N. C. 41.

Notice must be brought home to the member: Crumpton v. Pitts. Council, 1 Pa. Superior Ct. 613; Stidle v. Twin City Council, 8 Pa. Superior Ct. 178.

Niblack in his work on benefit societies cites many cases where there is ipso facto forfeiture from failure to pay assessments after notice, but not a single case where there is forfeiture without notice: Niblack (2d ed.), sect. 289, 290.

*W. R. Lewis,* with him *H. L. Taylor* and *M. F. Sando,* for appellee.—Whatever puts a party upon inquiry amounts, in judgment of law, to notice, provided the inquiry becomes a duty, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding: 16

Am. & Eng. Ency. of Law (1st ed.), 792; Lodge v. Simonton, 2 P. & W. 439.

Compliance with the by-laws, rules and regulations of the fund was essential to a member remaining beneficial: Hamill v. Supreme Council, 152 Pa. 537. See also Dickinson v. Ancient Order United Workmen, 159 Pa. 258.

Where the right to benefits is conditioned on the payment of assessments, a failure to pay such assessments is a forfeiture of the benefits: Ins. Co. v. Birnbaum, 116 Pa. 565.

The attention of this court is also called to the case of Philips v. Aid Society, 6 Pa. Superior Ct. 157, a case quite like the case at bar, where the same principle was followed as in this case.

OPINION BY ORLADY, J., April 23, 1900:

The law applicable to this case is correctly stated in the opinion of the learned trial judge in sustaining the exceptions to the first report of the refereee.

William H. Rhule as a member of the association was bound by the provisions in the by-laws, which are as follows : " Article 5. Any member neglecting to pay his assessment on pay day when called, must pay it at the first meeting of the fund thereafter; failure on his part to do so, he shall not be entitled to receive any benefits from the fund; and any member neglecting to pay his assessments within three months shall be struck off the roll of membership." Associations of the class of this defendant are highly meritorious, and their power to make reasonable regulations for the management of their affairs is unquestioned. In order to accomplish the purpose of their creation we are to take the by-laws as the association has made them and apply them without regard to the possible hardship of a particular case. By becoming a member of the association he agreed with it and its membership that all his rights therein were subject to the exercise of the power to enforce its by-laws, provided they were reasonable. Considering the aim and purpose of this association with its limited membership and resources, the by-law regulating the manner of giving notice of assessments is not unreasonable. A personal service or mailing notices would entail considerable expense which was evidently intended to be avoided by requiring the assessment to

be paid " on pay day when called " or " at the first meeting of the fund thereafter, else the member so in default shall not be entitled to receive any benefits." This plain and efficient method of giving notice to the employees of a single colliery had many economic advantages, and the procedure was so unmistakable that there was no excuse for even a sick member to remain in ignorance of his standing in the association. It was a regretable oversight on the part of William H. Rhule to permit his standing to be so impaired, but the rights of the other members can be conserved only by the enforcement of the by-laws to which he was a party: Hamill v. Supreme Council, 152 Pa. 537; Dickinson v. A. O. U. W., 159 Pa. 258; Life Ins. Co. v. Birnbaum, 116 Pa. 565; Philips v. Aid Society, 6 Pa. Superior Ct. 157: Lydon v. Police Fund Assoc., 8 Pa. Superior Ct. 251; Jacobs v. Aid Society, 9 Pa. Superior Ct. 99.

The judgment is affirmed.