## McClenaghan, Appellant, *v.* Cincinnatus Council.

*Beneficial societies—Time—Default in payment of dues.*

, In policies of life insurance time is material, and this is equally true of stipulations for prompt payment of dues and assessments by members of beneficial societies, and in such associations it is obviously necessary that it should be so.

Where the subordinate councils of a beneficial association establish an unincorporated funeral benefit association composed of the different subordinate councils to raise a fund for the payment of funeral benefits, and the by-laws of one of the councils provides that each member shall be entitled to funeral benefits after his death, but that no member who is in default at the time of his death shall be entitled to any funeral benefits, the council cannot be compelled to pay funeral benefits for a member in default, although the council itself has received the funeral benefits from the funeral benefit association.


Argued Dec. 16, 1901. Appeal, No. 268, Oct. T., 1901, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1898, No. 1037, on verdict for defendant in case of Elizabeth McClenaghan v. Cincinnatus Council No. 849, Junior Order United American Mechanics of Pennsylvania. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

, Assumpsit to recover funeral benefits. Before PENNY-PACKER, P. J.

The facts are stated in the opinion of the Superior Court.

Judgment and verdict for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*E. Spencer Miller,* for appellant.—The council so acted in maintaining McClenghan's standing with the funeral benefit association, as to lead him to suppose that it was willing to trust him for its own dues, for all purposes of eligibility for funeral benefits at least, until his present financial difficulties were over, thereby estopping itself to enforce a forfeiture, because he might have borrowed the money and kept himself within the necessary limit, if the council had not paid for him the

funeral dues: United Brethren Mut. Aid Society v. Schwartz, 13 Atl. Repr. 769; Tobin v. Western Mutual Aid Society, 72 Iowa, 261; Stylow v. Wisconsin Odd Fellows Mutual Life Ins. Co., 69 Wis. 224; Kenyon v. Knights Templar, etc., 122 N. Y. 247.

We submit that in legal view the claim of the council was made and honored to the use of McClenaghan's beneficiary. On no other basis clearly would the council have been entitled to collect if payment had been resisted for any cause. This is plain on the face of the matter and it must be supposed to have been evident to the council when it made its claim, after Mc-Clenaghan's death, basing the claim upon the mention of his name as deceased.

*Alexander M. DeHaven,* for appellee, cited: Hummer v. Roseville Council No. 680, 7 Pa. Dist. Rep. 258; Philips v. Baltimore Mutual Aid Society, 6 Pa. Superior Ct. 157; Lantz v. Vermont Life Ins. Co., 139 Pa. 561.

OPINION BY ORLADY, J., April 21, 1902:

On the trial of this case in the court below it was admitted that Alexander McClenaghan became a member of Cincinnatus Council, No. 849, Junior Order United American Mechanics of Pennsylvania, on July 23, 1896; that on or about December 28, 1898, he became ill of typhoid fever, which disease caused his death on January 19, 1899; that notice of his illness was given to the defendant association on December 28, 1898; that the defendant association was a member of the Junior American Mechanics' Funeral Benefit Association of the United States, and had been such before Alexander McClenaghan became a member of defendant association; that the defendant association made report of the name of Alexander McClenaghan to the funeral benefit association at or about the time when he became a member of the council, and continued to make payments to the funeral benefit association for the members on its roll, including McClenaghan, until the latter's death, and received subsequent to his death the sum of $250 from the funeral benefit association.

The funeral benefit association is a voluntary unincorporated association composed of the subordinate councils, its ob-

ject being to establish a fund for the payment of funeral benefits to those entitled to receive them under the conditions as defined in its laws.   By Law 2, section 4, of the general laws of the defendant council it is provided as follows :  " A brother is not entitled to benefits who owes thirteen weeks' dues, and if less than that amount, he must also be entitled, under the provisions of his state and subordinate laws, to receive the same ; provided, that no brother who is taken sick or is disabled, while owing thirteen weeks' dues, can, by the payment of such dues, become beneficial during such sickness or disability, neither in case of death, resulting from such sickness or disability shall he be entitled to funeral benefits."

By Law 29, section 3, it is provided :  " Every beneficial member of this order who shall have been a member such period of time as fixed by the by-laws of his council, not exceeding one year, and is not thirteen weeks in arrears for weekly dues, if taken sick or disabled and is unable to follow his usual or other occupation . . . . shall be entitled to such amounts of sick benefits as shall be fixed by the by-laws of his council ; provided that every council must pay at least $2.00 per week, for thirteen weeks in each year."   By section 4 it is provided, that " upon the death of any beneficial member of the order entitled to benefits, the sum of not less than $20.00 shall be paid to the widow or dependent of the deceased, upon satisfactory evidence of his decease. . . . It shall be lawful, however, for any council to make a by-law requiring such beneficial members to be a member for a period of time, not exceeding one year, before his widow or dependent shall be entitled to such benefits."

By article 10, section 4, of the constitution of the defendant council, it is provided :  " Any member suffering himself to become indebted to the council for weekly dues for thirteen weeks shall not be entitled to benefits until four weeks after all such arrearages shall have been paid in full to the time of settlement, and for twenty-six weeks for six weeks, and for thirty-nine weeks for eight weeks, and for fifty-two weeks or over for thirteen weeks after all such arrearages have been paid.   Section 5.  Any brother who is thirteen weeks in arrears for weekly dues and shall become sick or disabled and apply for the benefits of this council shall not be entitled to receive any of said

benefits during such sickness or disability, nor shall he in case of death be entitled to any funeral benefits."

It was proven on the trial that Alexander McClenaghan began payment of dues on August 6, 1896, and payments were made by him to January 12, 1899; it was further shown that on January 6, 1898, he was in arrears for weekly dues in the sum of $1.90 and that he received notice of this fact prior to his illness, and that he and Elizabeth McClenaghan, the plaintiff in this suit who claims as the dependent relative, admitted that he was in arrears for weekly dues at that time. This default continued and about the time he was taken ill he was again notified of being in arrears, so that, under the by-laws, on January 5, 1899, he owed the council, of which he was a member, $3.00. His standing in the council was explained to both Alexander McClenaghan and the plaintiff, and his book of by-laws governing the case was examined and explained to them by a representative of the association.

At the conclusion of the testimony the defendant's counsel requested binding instructions in its favor, which were refused by the court and the jury were instructed as follows : "If you believe the evidence which has been presented in this case, you may find a verdict for defendant." A verdict was so returned and the plaintiff brings this appeal.

It is to be noted that there was no contractual relation between a member of a subordinate council and the funeral benefit association, which is in the nature of a sinking fund arranged by subordinate councils, formed for their mutual protection, and into the treasury of which each council pays a certain sum per month for such of its members as it desires to reinsure. The rights of a member of a subordinate council must be worked out through the by-laws and rules of his own council, and if a member is delinquent and nonbeneficial therein he cannot recover from his council even if it has, under the system in vogue in this association, reinsured its risks in another company.

The payment by the funeral benefit association was not made to the council of which the deceased was a member for his or his beneficiary's use, but on account of his death, under the regulations existing between these two associations, and the money thus received went into the treasury of the council to

be disbursed to those entitled to receive it under the by-laws and constitution of the council. Whether the council had an insurable interest in McClenaghan's health or life is neither pertinent nor relevant here. The right of this plaintiff to recover is on much narrower grounds.

In section 6 of article 4 of the by-laws of the council it is provided that, " so long as this council retains its membership in the Junior American Mechanics Funeral Benefit Association of the United States a member shall be entitled to funeral benefits forty-eight hours after death." This can only refer to the benefits to which a dependent relative or beneficiary of a deceased member shall be entitled after the death of a member who is beneficial and in good standing at the date of his death. The manifest purpose of the numerous provisions in the laws, constitution, and by-laws of the two associations is to provide for the payment of sick and death benefits to those only who comply with the rules and regulations of the association, and as the insured in this case was in default, by the terms of the policy, his beneficiary is not entitled to any benefit thereunder: Philips v. The Baltimore Mutual Aid Society, 6 Pa. Superior Ct. 157.

By becoming a member of the association the decedent agreed with it and its membership that all his rights therein were subject to the enforcement of its reasonable by-laws. It cannot be urged that his being nonbeneficial was due to an oversight as the record of payments made by him shows that he was very irregular and had been many times in voluntary default.

" In policies of life insurance time is material and this is equally true of stipulations for prompt payment of dues and assessments by members of beneficial societies and in such associations it is obviously necessary that it should be so: " Ellis v. Alta Friendly Society, 16 Pa. Superior Ct. 607.

" As the obligation of the defendant was conditioned upon a compliance with the laws, rules and regulations governing the council and also upon the maintenance of good standing of the member at the time of his death, it results that there was no legal liability on the part of the defendant to pay this death benefit: " Hamill v. Supreme Council of the Royal Arcanum, 152 Pa. 537.

The distinction between insurance companies and societies

for beneficial or protective purposes is clearly defined in Commonwealth v. Equitable Beneficial Association, 137 Pa. 412, and it is just as important to keep in good standing and remain beneficial in the latter class as it is to pay premiums promptly in the former.    While the operation of the funeral benefit association is intended to be for the advantage of members of the respective councils, it cannot be claimed that a member has any higher claim on that fund than if the council retained in its own treasury a sum sufficient to pay sick and death benefits to its individual members.

The assignments of error are overruled and the judgment is affirmed.