## Towner *v.* Public Ledger Company, Appellant.

*Negligence—Sidewalk—Hatchway—Question for jury.*

In an action for personal injuries it appeared that the plaintiff without negligence on his part, stepped upon an iron door covering a hatchway in the pavement of defendant; the door not supporting him he was precipitated to the bottom of the hatchway. There were two doors over the hatchway so constructed that when closed they made an even surface with the pavement. Each was supported by a bar of about two and a half inches, on the side against which it opened on hinges attached to a stationary iron frame; and on the side next the building they rested upon a movable iron sill or bar. There was evidence that the hinges were defective, and that the doors could not fall unless the hinges broke. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued March 19, 1906. Appeal, No. 1, Jan. T., 1906, by defendant, from judgment of C. P., No. 4, Phila. Co., Dec. T., 1904, No. 2,424, on verdict for plaintiff in case of James L. Towner v. Public Ledger Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $10,750. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*D. Stuart Robinson*, for appellant.—The defendant contends that, from the evidence produced at the trial, it was shown that the broken hinge could not have been the cause of the accident, and that the movable sill being out of place was the cause of the accident, and that it was out of place through the act of the fellow servant of the plaintiff; and that this negligence was the negligence of the fellow servant of the defendant and the primary efficient proximate cause of the accident: Schaeffer v. Jackson Twp., 150 Pa. 145; Boehm v. Bethlehem Boro., 4 Pa. Superior Ct. 385.

The rule is well settled that the injury must be the natural and probable consequence of the negligent act, without probable foresight, and if the facts as to the cause of the injury are not disputed the question of proximate cause becomes one of law for the determination of the court: West Mahonoy Twp. v. Watson, 116 Pa. 344; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Douglass v. N. Y. C. & H. R. R. R. Co., 209 Pa. 128; Gudfelder v. Ry. Co., 207 Pa. 629; Penna. R. R. Co. v. Hope, 80 Pa. 373.

*Ruby R. Vale*, with him *Edward W. Magill*, for appellee, cited : Lillie v. American Car & Foundry Co., 209 Pa. 161; Schiglizzo v. Dunn, 211 Pa. 253; Dickson v. Hollister, 123 Pa. 421; Glase v. Philadelphia, 169 Pa. 488; Grier v. Sampson, 27 Pa. 183; Snader v. Murphy, 19 Pa. Superior Ct. 35.

OPINION BY MR. JUSTICE STEWART, June 27, 1906 :

The plaintiff, admittedly without negligence on his part, stepped upon an iron door covering a hatchway in the pavement used and maintained by the defendant in connection with its business; the door not supporting him he was precipitated to the bottom of the hatchway, sustaining by his fall very serious bodily injury.   There were two doors over the hatchway, so constructed that when closed they made an even surface with the pavement.   Each was supported by a bar of about two and a half inches, on the side against which it opened on hinges

attached to a stationary iron frame; and on the side next the building they rested upon a movable iron sill or bar.

The theory on which plaintiff based his right to recover against the defendant was, that two causes concurred in occasioning the accident which resulted in his injuries; that these were so united that it cannot be said of the one more than the other that it was the proximate cause,—the displacement of the iron bar at the end next the building, and defectively or insecurely fastened hinges on the iron door upon which plaintiff stepped and which fell under his weight. It cannot be questioned that there was ample evidence to warrant an inference by the jury in accordance with this theory. Its sufficiency will appear by reference to the testimony in the case yet to be made.

Conceding the contention on behalf of appellant that it was not chargeable with negligence on account of the displacement of the iron bar or sill, how was it with respect to the hinges? We must assume that the hinges were defective, and that without their contribution the accident would not have happened. Such was the finding of the jury; and there was evidence in support of both propositions. Unsupported by the rod or sill, with the hinges properly secured, according to the testimony of Rowand, the mechanical engineer who had designed the doors for the hatchway, and under whose supervision they had been constructed and put in place, the doors would have been perfectly safe to pedestrians. Notwithstanding some apparent contradictions in the answers given by the witness, his testimony is entirely intelligible. Were there room for dispute as to this, still what he meant, and the effect of his testimony, were matters for the determination of the jury. There can be no dispute that he did say that the hinges were designed to hold part of the weight of the doors, and that even without the support of the sill, they would, if in good condition, hold the door in place with the weight of an ordinary person upon it. He testified that the hinges turned both ways, that is to say, they would admit of the doors being lifted above, or if unobstructed, they would allow them to fall below the surface of the hatchway. But, as he explained, the hinges were not fastened, at the extreme edge of the iron frame so as to allow of the lowering of the doors, but an inch or so back, so that the doors where the hinges attached rested upon what he called a

lip of the iron frame, and were thus held in place and prevented from falling downward.   If such was their construction, it is evident that even in the absence of the sill, the doors could fall only as the hinges broke.   With this evidence in the case, the question fairly and necessarily arose—did defendant owe a duty to maintain the hinges in safe condition, in view of the purpose they served by way of giving this additional support to the doors?   Whether, because of the original construction, or as a result of long continued use, the iron sill was so liable to easy displacement in its use, or from other causes, by being tilted or moved back, ordinary and reasonable prudence under all the circumstances of the case would have anticipated the danger from outworn and defective hinges on the doors, was certainly a question for the jury.   It would have been manifest error for the court to have given binding instructions as requested by the defendant, since it was a case where inferences were to be drawn, and the credibility of witnesses settled, and this was for the jury and not for the court.

The first two assignments of error are based on the refusal of the court to give binding instructions; the third upon the refusal of a motion for nonsuit.   They are alike overruled, and the judgment is affirmed.