# Young *v.* Aeolian Council No. 17, Appellant.

*Beneficial associations—Constitution and by-laws—Arrearages—Non-beneficial period—Notice.*

1. A beneficial association may provide in its constitution that a member in arrears "for thirteen weeks shall not be entitled to benefits until four weeks after all such arrearages have been paid in full." If a member has been in arrears for thirteen weeks and has at the expiration of such time renewed the payment of dues, but at the time of his death the probationary period of four weeks has not elapsed, no death benefits can be paid by reason of his death.

2. In such a case the association is not required to give notice to a member before he would cease to be beneficial, if no such notice is required by the by-laws.

3. A section of the by-laws provided that "all members thirteen weeks or over in arrears, after being notified, neglecting to pay a sufficient amount to reduce their arrearages to less than thirteen weeks in four weeks thereafter, shall be declared suspended for nonpayment of dues if not otherwise ordered." *Held* that such section did not apply to the nonbeneficial period, but only where the association contemplated a suspension of the member. In the latter case notice was necessary.

Argued Oct. 22, 1914.   Appeal, No. 174, Oct. T., 1914, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1912, No. 857, on verdict for plaintiff in case of Catherine Young v. Aeolian Council No. 17, Junior Order United American Mechanics.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Reversed.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $271.75.   Defendant appealed.

*Error assigned* was giving binding instructions for defendant.

*Matthew Randall*, with him *Alex. M. DeHaven*, for appellant.—The by-law was a proper one: Philips v.

Baltimore Mut. Aid Society, 6 Pa. Superior Ct. 157; McClenaghan v. Cincinnatus Council Jr. O. U. A. M., 20 Pa. Superior Ct. 229; Beeman v. Supreme Lodge, 29 Pa. Superior Ct. 387; Mathers v. Protected Home Circle, 55 Pa. Superior Ct. 421.

*Raymond A. White Jr.*, with him *Maurice W. Sloan*, for appellee, cited: Com. v. Penna. Beneficial Institution, 2 S. & R. 140.

OPINION BY TREXLER, J., February 24, 1915:

The plaintiff seeks to recover from the defendant death benefits by reason of the death of her husband. The court below directed a verdict in her favor.

The defendant is a fraternal beneficial organization. Its constitution provides that "Any brother suffering himself to become indebted to the council for weekly dues for thirteen weeks shall not be entitled to benefits until four weeks after all such arrearages have been paid in full to time of settlement." The decedent, the husband of the plaintiff, had been in arrears for thirteen weeks but thereafter paid his dues, but at the time of his death the probationary period of four weeks, during which, under the constitution, he was not beneficial, had not elapsed.

The learned trial judge directed a verdict for the plaintiff for the reason, as we gather from the charge, that there was no authority on the part of the council to forfeit the member's rights, and that before forfeiture could be enforced every minute condition must be complied with. To quote his words, "A man does not automatically suspend himself and does not automatically forfeit his right. If forfeiture is intended to be enforced the least that can be done is to give specific notice of a specific determination that forfeiture has been incurred."

A lodge may provide that a member in arrears for a certain time shall remain nonbeneficial for a certain

period after he pays his indebtedness to the lodge. Such provision was sustained in Philips v. Aid Society, 6 Pa. Superior Ct. 157. As was stated by Judge PORTER in that case, "the purpose of the clause is to give to the insured an opportunity to avert in part the effects of the failure to pay the premium when due. It gives a right of reinstatement but attaches the condition that the member shall not be entitled to benefits for a certain period subsequent to such reinstatement."

By becoming a member of the association the decedent agreed with it and its membership that all his rights therein were subject to the enforcement of its reasonable by-laws: McClenaghan v. Cincinnatus Council, 20 Pa. Superior Ct. 229.

Compliance with the laws of the order with respect to the payment of dues is of first importance: Mathers v. Protected Home Circle, 55 Pa. Superior Ct. 421.

"In policies of life insurance time is material and this is equally true of stipulations for prompt payment of dues and assessments by members of beneficial societies 'and in such associations it is obviously necessary that it should be so.' Dickinson v. A. O. U. W., 159 Pa. 258:" RICE, P. J., in Ellis v. Alta Friendly Society, 16 Pa Superior Ct. 607.

The by-law being proper, the only question remaining, was it necessary for the council to give notice to the member before he would cease to be beneficial? There is no such obligation on the lodge unless there be some such requirement in the by-laws. The law is stated in 29 Cyc. 181, as follows, "The laws of fraternal or beneficial societies in regard to the forfeiture of the right to benefits are commonly couched in such terms as to render them self-executing; and in this case the society need not take affirmative action against the delinquent or offending member to declare a forfeiture, but the right to benefits is lost immediately upon the occurrence of the act or default which by the rules of the society constitutes ground for forfeiture."

The learned trial judge, however, states: "That specific notice is entirely absent in this case and being absent in this case your verdict should be for plaintiff." From this language we may infer that in his opinion some duty cast upon the council as to notice was unperformed. We find the following by-laws which relate to notice:

Article V, Fines and Penalties, sec. 8, provides, "The F. S. (Financial Secretary) shall notify all members two weeks previous to the end of each quarter of their standing in the Council."

Section 9. "All members thirteen weeks or over in arrears, after being notified, neglecting to pay a sufficient amount to reduce their arrearages to less than thirteen weeks in four weeks thereafter, shall be declared suspended for non-payment of dues, if not otherwise ordered."

The error into which the lower court fell is in applying the second section to the subject of benefits. The import of the sections is plain. The first section refers to the statement which each member received as to his standing with the lodge. This notice decedent received, and when he received it he could easily ascertain how far he was paid up, and how much he had to pay, and when he had to settle in order to remain beneficial. When the lodge sent this notice it did all it was required to do. The dues were certain and payable at fixed intervals and differ in this respect from funeral assessments which necessarily vary and of which assessments specific notice is required: Stidle v. Twin City Council, 8 Pa. Superior Ct. 178.

It is evident that the lodge was only required to give the notice referred to in the latter section in case it desired to suspend the member. The section refers to a matter entirely distinct from the subject of benefits. A member might become nonbeneficial and still continue his membership. The quarterly notice gave him information as to his standing. If the lodge desired to suspend him he was entitled to notice and it was only

after notice that he could be suspended. The lodge having admittedly given the only notice it was required to give, was not in default in any manner, and judgment should have been entered in favor of the defendant for the reason that the member at the time of his death was not, under the laws governing the order, beneficial.

The assignments of error are sustained, the judgment is reversed and judgment is entered for the defendant.