## De Domenicies v. Quiroli, Appellant.

*Beneficial association — Failure to pay dues — Sick benefits — Funeral expenses.*

Where the by-laws of a beneficial association provides that no member shall be entitled to benefits who is indebted in a sum greater than three months' dues, until four weeks after such in-

586, (1916).]     Syllabus—Opinion of the Court.

debtedness is reduced below the sum of three months' dues, and if he shall be taken sick while indebted over the amount of three months' dues, he cannot become beneficial during such sickness, and it appears that a member was in arrears for over fourteen weeks when he became sick, his widow as administratrix will not be entitled either to sick benefits, or funeral expenses; and this is the case even if the association may have received some irregular payments during the member's illness.

Argued Nov. 29, 1915.    Appeal No. 150, Oct. T., 1915, by defendants, from decree of Municipal Court, Philadelphia Co., March T., 1914, No. 221, on bill in equity in case of Maria De Domenicies, Administratrix of the Estate of Rosario De Domenicies, deceased, v. John Quiroli, et al., Members of the Corte Americo Vespucci, No. 234, Foresters of America.    Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.    Reversed.

Bill in equity against the members of an unincorporated beneficial association to recover sick benefits and funeral expenses.    Before Knowles, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree in favor of the complainant.

*William A. Davis,* for appellant.

*John J. Elcock,* for appellee.

Opinion by Orlady, P. J., April 17, 1916:

The plaintiff's husband was a member in the defendant association.    He became sick on June 6, 1913, and was sick continuously until September 6th following, when he died.    This plaintiff, his administratrix, seeks to recover, under a provision in the by-laws, which provides that "on the death of a financial member of this court the sum of one hundred dollars shall be ap-

propriated towards defraying the funeral expenses, ......." Section 85, of the general laws of this association provides—an unfinancial member is one who owes his court an amount equal to three calendar months' dues, and less than six months' dues; and Section 91—an unfinancial member shall not be entitled to benefits of any kind unless the by-laws of his court specifically provide for certain benefits to an unfinancial member, and Article VII, by Section 7—in no case shall a member be entitled to these benefits unless he is a financial member. Article VII, by Section 4, is as follows—No member shall be entitled to benefits, who is indebted to the court in a sum greater than three months' dues, until four weeks after such indebtedness is reduced below the sum of three months dues; and if the member shall be taken sick while indebted over the amount of three months dues he cannot become beneficial during such sickness."

Unfortunately for the plaintiff, her husband was in arrears to the association for fourteen weeks of dues when he became sick on June 6, 1913, and never after that did he become entitled to sick or death benefits. Certain irregular payments were made during his illness, but the by-laws clearly show that his arrearages on June 6th, followed by his continuing illness, prevented him from becoming beneficial during his sickness while he was indebted over the amount of three months' dues, and the payments that were made did not bring his case within the exception, as noted in Section 91. These facts are undisputed, and their effect is to be determined by the court, and not by a jury: Phillips v. Balt. Mut. Aid Society, 6 Pa. Superior Ct. 157; Young v. Æolian Council, 59 Pa. Superior Ct. 174.

The court below found, under admitted facts, as a conclusion of law, that the decedent was not, during his lifetime, entitled to receive sick benefits, and the reasoning as to that phase of the case applies with equal force to the one now presented. The decedent was ad-

mittedly in arrears for over fourteen weeks when he be-. came sick, and this claim is answered by the provision in Section 4, of Article VII, that "if any member shall be taken sick while indebted over the amount of three months' dues he cannot become beneficial during such sickness." The testimony in regard to the acceptance of the irregular payments made during the illness is uncertain, and even if made as contended for by the plaintiff, is not evidence of an intent on the part of the association to waive any rights then fixed by the by-laws. It was a regrettable oversight on the part of the decedent to permit his standing to be impaired, but the rights of the other members can be conserved only by enforcement of the by-laws to which he was a party: Rhule v. Accident Fund, 13 Pa. Superior Ct. 416; McClenaghan v. Cincinnatus Council, 20 Pa. Superior Ct. 229; Beeman v. Supreme Lodge, 215 Pa. 624.

The decree is reversed, and is now entered for the defendant.