## Pizur v. Greek Catholic Union of Russian Brotherhoods of U. S. A., Appellant.

Argued April 23, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George I. Puhak,* with him *Stephen Steranchak,* for appellant.

*David B. Fawcett,* with him *Gregory Zatkovich,* of *Zatkovich & Fawcett,* for appellee.

OPINION BY JAMES, J., October 2, 1935:

Michael Pizur brought an action in assumpsit against the Greek Catholic Union of Russian Brotherhoods of the U. S. A., as beneficiary on a membership certificate issued to Eva Pizur, his wife, a member of local Assembly No. 390, who died December 16, 1932, and a verdict was rendered in his favor. Appellant's motions for a new trial and judgment n. o. v. were refused and from the judgment entered on the verdict, this appeal was taken.

The refusal of defendant's motion for binding instructions and the overruling of its motion for judgment n. o. v. are assigned as errors in the third and seventh assignments of error, and they raise the controlling question involved in this appeal. The undisputed testimony is that on September 11, 1932, which was some months before the death of Eva Pizur, she was seven months in arrears in dues. Prior demands had been made for the dues and demand was made on September 11, 1932, but she refused to pay and no payments were made thereafter. The membership certificate for $1,000, provides inter alia, that she "is a member of the Greek Catholic Union, and as such is entitled to all the rights, benefits and privileges ...... so long as he (she) remains in good standing as such

member in conformity with the by-laws of said Union: Upon the death of said member in good standing ...... his (her) ...... beneficiary ...... shall be entitled to receive death and funeral benefits ......," and that "said benefits shall be payable only in conformity with the provisions of the by-laws of said Union existing and in force at the date of said member's death ......"

The by-law of the national organization provides: "Par. 160. It is an express condition of membership in the ...... Union ...... that all dues ...... of the members to the Union and the subordinate lodges, shall be promptly and fully paid by the members as specified, and any refusal, neglect or failure of a member to comply with this condition will be considered a forfeiture of membership and an abandonment by the defaulting member of all his rights, claims and interest in the Union." Paragraph 10 of the by-laws for local assemblies provides: "It is an expressed condition of membership in the ...... Union ......, to which all persons becoming members agree, that all dues, ...... of the members shall be promptly and fully paid by the members as soon as they become due, and any refusal, neglect or failure of a member to comply with this condition is to be considered as a forfeiture of membership, and an abandonment by the defaulting member of all rights, claims and interests in or upon the Union as a member." Paragraph 11 of the local by-laws is as follows: "It is the duty of every member (male and female) of all three branches of the Union to promptly pay all the dues owing to the general and Brotherhood Treasuries, that is, at a regular meeting of the Brotherhood, or to a fully empowered officer of the Brotherhood. If such a member (male or female) does not pay his (her) dues for a period of two months, he or she is automatically expelled without any further admonition."

The fundamental question is, as we see it, whether

under these circumstances Eva Pizur was a member "in good standing." The theory of the court below as expressed in its charge was that "the mere fact that she was delinquent in her dues is not sufficient to say she was not a member in good standing. It is the duty of this defendant corporation to actually suspend or expel a member before he or she is legally expelled. That must be done." In so holding the court overlooked the distinction between a member who is not in good standing and a member who is suspended or expelled.

The term "good standing" is defined "as meaning good conduct, that is, freedom from the violation of those requirements which indicate the benevolent purposes of the society, or express its intention to insist upon a high standard of character among its members. The term implies not only that a party is a member of the society, but also that he has a good reputation therein; that he has complied with the laws, rules, usages and regulations of the order; and that he is not at the time of his death in arrears for dues and assessments, the time for collection of which had fully expired": 28 C. J. 717. "Generally, ...... good standing is lost, and the right to benefits consequently forfeited, by the nonpayment of dues ......": 45 C. J. 93. Where, under a by-law, a member who fails to pay dues over a certain period automatically becomes nonbeneficial, though not expelled, he is not in "good standing": McClenaghan v. Cincinnatus Council, 20 Pa. Superior Ct. 229; DeDomenicies v. Quiroli, 62 Pa. Superior Ct. 586; Rhule v. Diamond Colliery Fund, 13 Pa. Superior Ct. 416.

"Conceding, what really was undisputed, that the member was in arrears, it necessarily follows that he was not a member in *good standing,* and also that he had not complied with the 'laws, rules and regulations,' governing the council and the widows and orphans

benefit fund. As the obligation of the defendant was conditioned upon a compliance with these laws, rules and regulations, and also upon the maintenance of good standing of the member at the time of his death, it results that there was no legal liability of the defendant to pay this benefit": Hamill v. Supreme Council, 152 Pa. 537, 25 A. 645.

Conceding that Paragraph 11 of the local by-laws which provided for automatic expulsion is illegal and unenforceable, unless there is some act by the corporation declaring expulsion and this cannot be done without a vote of expulsion after notice to the member supposed to be in default: Powanda v. Pido, 304 Pa. 42, 155 A. 90; Macavicza v. Workingman's Club, 246 Pa. 136, 92 A. 41, it does not follow that the entire by-law is rendered null and void if the by-law provides for a default which upon proper procedure would have warranted expulsion. It cannot be said that such a member is in good standing within the meaning of the membership certificate, as it specifically provided that she was entitled to benefits only as long as she "remains in good standing ...... in conformity with the by-laws of said Union," and although Paragraph 11 may be ineffective as to its provision for automatic expulsion it clearly states that failure to pay dues for two months impaired the member's standing to the extent that she was subject to expulsion. An examination of the other by-laws of the local assembly clearly indicates that a member who is in default for a period of two months is not a member in good standing as Paragraph 34 provides that a member owing dues for two months is not entitled to sick benefits and Paragraph 50 provides that any member who does not owe more than two months dues shall have the right to vote at all meetings.

Appellee earnestly argues that his position is sustained by the following sections of the national by-laws:

"Par. 161. A member may be expelled by a subordinate lodge, of which he is a member, for default in the payment of regular dues and assessments for a period of two months and it is the duty of such lodge to expel him or her. (Suspended). Par. 162. The order of expulsion in such case, must be made by the lodge at a regular meeting, and notice that such action will be taken at such meeting unless he appears and shows good cause why he should not be expelled, must have been given to the member at least one week before the meeting. (Suspended)."

The record establishes that at a national convention of the union the above by-laws were suspended pending the adoption of new rates, but whether the by-laws became effective upon the adoption of the new rates or further action was required by the supreme assembly, is not altogether clear. However, if the by-laws were in effect the appellee is faced with the specific provisions of By-law 161 which provides that a member in default for a period of two months is subject to expulsion, and it is clear to us that a member who is subject to expulsion is not a member in good standing. Paragraph 160, supra, provides as an express condition of membership in the union that all dues shall be promptly and fully paid and the by-law of the national assembly as well as that of the local assembly indicates the failure to pay dues for a period of two months takes the member out of the class of good standing.

The third and seventh assignments of error are sustained and the judgment is reversed and herein entered for the defendant.