Bagaj, Appellant, *v.* First Slovak Wreath of the Free Eagle.

Argued April 17, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Paul N. Barna,* for appellant.

*Lloyd O. Hart,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1939:

The plaintiff brought an action in assumpsit against the defendant as beneficiary in a $1,000 certificate issued to Stephen Bagaj, her deceased husband, who, on December 22, 1920, became a member of the defendant, a beneficial association having a general organization known as The First Slovak Wreath of the Free Eagle and subordinate organizations each known as a local Leaf. The jury returned a verdict in favor of the plaintiff and thereafter motion for judgment n. o. v. for defendant was sustained, on the ground that the insured failed to comply with the provisions of the benefit certificate. This appeal followed.

Bagaj became in arrears in his monthly dues, the last payment having been made in April, 1932. The local Leaf kept his certificate in good standing from time to time until July of that year by advancing to the Grand Lodge assessments due by him. The evidence clearly establishes that, after giving Bagaj credit for all sums he paid and allowing for certain discrepancies in the books of the Leaf and his own receipt book, he was in default at the time of his death, November 14, 1932, nine and a half months' dues, amounting to $21.34.

The benefit certificate set forth: "An assessment is due on or before the last day of each month without notice thereof." It was issued and accepted upon certain "EXPRESS WARRANTIES, CONDITIONS AND AGREEMENTS," including the following: "3.

This certificate is issued in consideration of the warranties and the agreements made by said member in his said application, and also in consideration of the payment made by said member when accepted as a member in prescribed form, and his agreement to pay all monthly and special assessments, dues and fines that may become due or be levied during the time he shall remain a member of this Society ...... 5. If payments due from the said member are not paid to the Financial Secretary of the Local Society of which he is, or hereafter may be, a member within the time prescribed in said Benefit Certificate or provided for in the By-Laws of this Society, as the same now exists, or hereafter may be modified, amended, added to, or enacted, then said certificate shall be null and void, and shall so continue of no effect until payment shall be made in accordance and compliance with the provisions of the By-Laws of the Society in force at the time such payment is made."

By becoming a member of the defendant organization, Bagaj agreed to abide by all its laws and regulations, which determine its power and obligations.

The appellant argues that a member cannot be automatically expelled, as a method is provided therefor, which must be followed. Our attention is directed to paragraph 20 of the by-laws, which reads: "A member who owes the Leaf assessments for a period of 45 days, shall be admonished in a registered letter by the Financial Secretary and if he or she does not settle the indebtedness within 14 days thereafter, he or she shall be expelled at the next meeting." The by-laws also require that specific action shall be taken at a regular meeting of the Leaf to expel a member, and that announcement shall be made to the Grand Lodge of his expulsion. The appellant contends that these requirements were disregarded, and, therefore, the deceased's expulsion was illegal: *Geisser v. Fraternal*

*Patriotic Americans of Pa.,* 77 Pa. Superior Ct. 455; Couch's Cyc. of Insurance Law, par. 623.

Express notice was given to the decedent of his default and his pass book contained the receipt for the last payment of his dues, which carried him to July, 1932. His benefit certificate also expressly set forth, as above stated, that if payments were not paid when due, death benefits would cease. As was said in *Young v. Aeolian Council No. 17*, 59 Pa. Superior Ct. 174, 177: "It is evident that the lodge was only required to give the notice referred to in the latter section in case it desired to suspend the member. The section refers to a matter entirely distinct from the subject of benefits." See, also, *Pixur v. Greek Catholic Union,* 119 Pa. Superior Ct. 266, 180 A. 753; *Botko v. National Slovak Society,* 122 Pa. Superior Ct. 603, 186 A. 758. A member, therefore, who has not been formally expelled, may be non-beneficial. Compliance with the laws of the order respecting payment of dues is a matter of vital concern to a beneficial organization. The dues are certain and are payable at fixed intervals and payment thereof is imperative if the purposes of the society are to be conserved. If one fails to comply with his part of the contract, he cannot insist on performance by the other party; obligations are mutual.

The appellant argues that forfeiture of benefits was not relied upon by defendant; that the entire defense in the suit was that the deceased had been expelled. The affidavit of defense, the evidence, and the opinion of the court refute that contention as the record shows the defendant relied not only on expulsion, but also on the deceased's failure to pay the assessments.

The appellant further contends that there was a waiver of the requirement to pay the dues promptly, as the local secretary allowed the deceased frequently to become delinquent in payment to the local Leaf. The only evidence whatever dealing with the question of waiver was produced on cross-examination of the finan-

cial secretary of the local Leaf to the effect that only once did it fail to pay the Grand Lodge on time the monthly dues of its members, and then a letter was written asking for an extension pertaining to that particular payment. The evidence was insufficient to establish that the defendant was aware of the indulgence extended to the deceased on different occasions or that the local Leaf had general authority to bind the Grand Lodge. Its acts beyond prescribed authority did not amount to a waiver of any of the provisions of the certificate or by-laws or work an estoppel in the absence of proof of knowledge of the defendant and its acquiescence therein. See *Anderson v. Alta Friendly Society*, 26 Pa. Superior Ct. 630; *Coffey v. The Maccabees*, 91 Pa. Superior Ct. 136.

In *Mathers v. Protected Home Circle*, 55 Pa. Superior Ct. 421, 427, it is clearly pointed out that the requirement of prompt payment of dues is not to be considered as having been waived by a parent organization, save under circumstances when an officer authorized to represent it has done something by which a member may have been reasonably led to believe that the conditions in a certificate or provisions in the by-laws would not be insisted upon. The doctrine of estoppel can only be invoked when the conduct of the organization has been such as induced reliance upon it, and where it would operate as a fraud upon the member if the organization were afterwards allowed to disavow its conduct and enforce the conditions.

We are in entire accord with the view taken by the court below that the record fails to disclose any right upon the part of the plaintiff to recover under this certificate.

Judgment of the lower court is affirmed.