## Fraternal Benefit Societies

UMSTED, Deputy Attorney General, November 17, 1947.—You have inquired if a domestic fraternal benefit society may provide in its bylaws for the retention of the benefits provided for in its certificates by persons who have been excluded from social membership in the fraternity. You also ask if a like provision in the bylaws of a foreign fraternal benefit society, operating in Pennsylvania, must be recognized as effective in this State.

The Fraternal Benefit Societies Act of July 17, 1935, P. L. 1092, as amended, 40 PS §1051, et seq., authorizes the incorporation of domestic fraternal benefit societies

and prescribes the conditions under which they may lawfully exist and operate.

Briefly, such a society must not be operated for profit, must have a lodge system and representative form of government, or must limit its membership to a secret fraternity having a lodge system and a representative form of government. These societies are authorized to make provision for the payment of death benefits and for the erection of monuments for deceased members. They may regulate the admission and classification of members, control and regulate the terms and conditions governing the issuance of beneficiary certificates, the character of benefits payable, the manner of payment and they may fix the rates of contribution, fees or dues payable by members.

Section 11 of this act, 40 PS §1061, reads as follows:

"Any person may be admitted to beneficial or general or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society: Provided, That no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the member shall have full right to change his beneficiary or beneficiaries in accordance with the laws, rules, and regulations of the society."

From the foregoing it is quite evident that the word "or" as used between "beneficial" and "general" and between "general" and "social" is disjunctive rather than conjunctive and that the legislature contemplated three types of membership in a fraternal benefit society, i. e., social members, beneficial members and general members. It follows, therefore, that

a social member need not necessarily be a beneficial member nor a beneficial member a social member. But if a person be both, he is a general member. This conclusion is made obvious by section 13 of the act, 40 PS §1063, which reads as follows:

"Any such society may admit to beneficial membership *any person* not less than sixteen, and it shall be lawful for minors who have attained the age of sixteen years to make all needed contracts and assume all needful obligations to become members. Nothing herein contained shall prevent such society from accepting general or social members." (Italics supplied.)

If the terms under which a member may retain one type of membership and surrender or be deprived of another, are spelled out in the bylaws, both the society and its members of all classes are thereby bound, even though the benefit certificates contain no specific reference to that subject. The bylaws of the society are an inseparable part of the contract between the society and its members: Bagaj v. First Slovak Wreath, 136 Pa. Superior Ct. 344 (1939).

The answer to that part of your query pertaining to foreign fraternal benefit societies is found in section 22 of the Act of 1935, supra, 40 PS §1072, which in general provides that foreign societies may be admitted into Pennsylvania on a parity with domestic societies, and by article IV, sec. 2, of the Constitution of the United States, which provides:

"The citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States,"

We are, therefore, of the opinion and you are accordingly advised that a domestic fraternal benefit society may legally provide in its bylaws that a general member may surrender his social membership or be expelled from social membership and still retain his beneficial membership in the society. Like provi-

sions in the bylaws of a foreign fraternal benefit society licensed to do business in Pennsylvania are to be recognized as valid by the Department of Insurance and enforcible under our law.