# Kiehl *v.* Red Rose Beneficial Association, Appellant.

*Beneficial societies — Forfeiture for arrears in dues — Requirements of notice.*

Where the by-laws of a beneficial society provide that members owing over $1.95 and having received two weeks' notice of the fact, shall be considered in arrears, and will not become beneficial, until after all arrears are paid in full, the burden of proving that notice was given is upon the association, and in absence of such proof, the presumption that no notice was given arises in favor of the member or his or her beneficiaries.

Argued Nov. 11, 1918. Appeal, No. 48, Oct. T., 1918, by defendant, from judgment of C. P. Lancaster Co., January T., 1917, No. 30, discharging rule for judgment n. o. v., and entering judgment on the verdict in case of Harry J. Kiehl v. Red Rose Beneficial Association of Lancaster. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on beneficial certificate. Before LANDIS, P. J.

From the record it appeared that the plaintiff brought an action against the defendant, a beneficial society, for death benefits accruing on the death of his wife, a member of the society.

At the trial the court below directed a verdict in favor of the plaintiff, reserving the question as to his right to recover, to be argued before the court in banc. This was done and a verdict was then rendered in his favor for $112.40. A rule was granted to show cause why judgment should not be entered in favor of the defendant n. o. v., which, after argument, the court discharged. Defendant appealed.

The opinion of the Superior Court states the case.

*Error assigned* was refusal to enter judgment for defendant n. o. v.

*H. Frank Eshleman,* for appellant.

*B. F. Davis,* for appellee.

OPINION BY TREXLER, J., April 21, 1919:

The wife of the plaintiff was a member of the defendant association. Sometime prior to her death she was in arrears $2.85 and at the time of her death she still owed $1.45. Under the by-laws, "Members owing over $1.95 and having received two weeks' notice, shall be considered in arrears and will not become beneficial until after all arrearages are paid in full." Having owed more than $1.45 and not having paid all arrearages, the defendant society contends that she was not beneficial at the time of her death. The learned trial judge in his opinion refusing judgment n. o. v. we think took the correct view "that, where the by-laws require notice to be given two weeks before the member's dues amount to an ultimate figure and condition the forfeiture upon both the notice and the nonpayment, the burden of proving that notice was given is upon the association, and in the absence of

proof to that effect, the presumption that no notice was given arises in favor of the member and his or her beneficiaries."

The question of notice therefore, is all important and is the only matter we need consider. The appellant argues that the plaintiff's decedent had notice by reason of the fact that she was in possession of a pass book in which the payment of dues were credited and that this was a continuing notice which bound her. If we assume for the purpose of the argument that the pass book is equivalent to notice, it is only notice as to matters therein contained. The pass book offered in evidence does not show the correct account between the member and the society. It shows credits far in excess of the amounts debited. No balance is struck and the dues are not charged. It certainly was the intention of the framers of the by-laws, judging by the language employed, that members should not be required to calculate the respective amount of the dues and the payments and thus keep informed as to their standing. The evident design was that when the nonbeneficial point was reached, the member should be apprised of the fact and if the pass book is to take the place of such notice, the account therein should on its face show that the member is in arrears and nonbeneficial. That fact should appear in the book. The member should not be required to ascertain it by a calculation. Of course any one connected with an organization of this character can by constant attention keep himself informed as to his standing. No doubt many members do, but common experience is that many are careless and the very purpose of the provision above quoted is to call the attention of such to the fact that the benefits which they intended to receive in the event of their death would not come to their beneficiaries unless the arrearages were satisfied.

The judgment is affirmed.