## Geisser *v.* Diligent Council No. 4, Fraternal Patriotic Americans of the State of Pennsylvania, Appellant.

*Beneficial societies—Dues—Arrears—Notice from society—Necessity of notice—By-laws.*

Where the by-laws of a beneficial society provided that a member who was in arrears for dues for a period of 13 weeks should not be entitled to benefits, provided that notice of such arrears must be mailed to the member not less than two weeks previous to the ending of the current quarter, the fact that a member was in arrears does not forfeit benefits, where the notice, as required by the by-laws, was not given.

In order to deprive a member of his good standing and disqualify his beneficiary from receiving benefits, under the by-laws, the failure to pay dues and the mailing of notice by the council at least two weeks before the ending of the current quarter were both required, and the burden of proving that the notice was so mailed was upon the council. Where there was no evidence that such notice had been given, the beneficiary was entitled to receive the benefits.

456 GEISSER *v.* FRATERNAL PATRIOTIC A. OF PA.

Statement of Facts—Opinion of the Court. [77 Pa. Superior Ct.

Submitted October 6, 1921.   Appeal, No. 18, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1919, No. 386, on verdict for plaintiff in the case of Grace Geisser v. Diligent Council No. 4, Fraternal Patriotic Americans of the State of Pennsylvania.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit on beneficial certificate.   Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $280 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal to direct a verdict in favor of the defendant.

*Alex. M. DeHaven,* for appellant, cited: Lantz v. Insurance Co., 139 Pa. 546; Long v. West Philadelphia Council, J. O. U. A. M., 42 W. M. C. 296; Dickinson v. A. O. U. W., 159 Pa. 258; Rhule v. Accidental Fund, 13 Pa. Superior Ct. 416; Ellis v. Alta Friendly Society, 16 Pa. Superior Ct. 607.

*Joseph H. Taulane,* for appellee.

OPINION BY PORTER, J., November 21, 1921:

The defendant is an incorporated beneficial society of the State of Pennsylvania, of which the deceased husband of the plaintiff had been a member for sixteen years, at the time of his death.   The plaintiff brought this action to recover funeral benefits, to which she alleged she was entitled under the by-laws of the society. She recovered a verdict and judgment in the court below and the defendant appeals.

The appellant defended upon the ground that the deceased was not in good standing in the council, at the date of his death, and his beneficiary was not entitled to funeral benefits, for the reason that he was thirteen weeks in arrears for dues to his council at the end of the quarter which expired on September 27, 1918. It was undisputed that the deceased had paid his dues in full and was in good standing when the preceding quarter expired on June 28, 1918, and if he had become nonbeneficial it was only because of what occurred with regard to the dues for the quarter ending September 27, 1918. Article 6 of the by-laws of the society contains the following provisions which are material to the determination of the rights of the parties in this action, viz: "Section 1. A member of this council shall be held and considered to have been in good standing in this council and be found worthy and qualified to receive sick or funeral benefits, as the case may be, under the following terms and conditions, to wit:......(d) That he was not at the date of the beginning of the sickness, or at the time of the occurrence of the accident which caused his death in arrears for thirteen weeks, or over, for dues to this council; provided, however, that notice of such arrearages or a statement of his account with his council shall have been mailed to him not less than two weeks before the ending of the current quarter; but no other specific demand for payment of his dues shall be required of the council either before or after his arrearages become due." The mere failure of a member to pay his dues for thirteen weeks does not, under this by-law, disqualify his beneficiary, in case of his death, to receive funeral benefits; something more is required; notice of such arrearages must be mailed to him not less than two weeks before the ending of the current quarter. The council does not undertake to give the member actual notice of his arrearages, but it does undertake to do a specific thing, mail to him a notice not less than two weeks before the ending of the current quarter. In order to deprive a member

of his good standing and disqualify his beneficiary to receive funeral benefits, under this by-law, the failure to pay dues and the mailing of notice by the council at least two weeks before the end of the current quarter, are both required, and the burden of proving that the notice was so mailed is upon the council: Kiehl v. Red Rose Beneficial Association, 71 Pa. Superior Ct. 385. The secretary of the defendant council testified that the notice of the state of the account of the deceased husband of the plaintiff with the council was not mailed until the evening of Saturday, September 14, 1918, and this was the only evidence produced by the council tending to show that any notice was given the deceased. This was only thirteen days before Friday, September 27th, which it is undisputed was the "ending of the current quarter." The council having failed to mail the notice in time, the deceased remained a member in good standing and it would have been entirely proper for the court below to give binding instructions in favor of the plaintiff. This view of the case renders it unnecessary to consider the question arising out of the undisputed fact that the full amount of the dues of the deceased were, on September 27, 1918, mailed to the secretary of the council, by registered mail, and by that officer received on the following morning.

The judgment is affirmed.