# Anderson *v.* Alta Friendly Society, Appellant.

*Insurance—Life insurance—Reinstatement of member—Health certificate.*

The rules of an insurance society provided that no delinquent member should be reinstated unless a certificate be given by the member, known as a health certificate, which provided that if the delinquent member died as the result of any sickness arising within ten days from the date of the certificate no death benefits should be paid.    A member who had in a number of previous cases been reinstated after having become delinquent, on giving such certificate, gave money to her son to have herself reinstated. The son paid the money and signed the health certificate.    The insured died within ten days thereafter.    *Held,* (1) that the son had authority to sign the health certificate; (2) that there was nothing in the previous dealings to indicate any waiver of forfeiture; (3) that the society was not liable for death benefits.

Argued Oct. 11, 1904.    Appeal, No. 101, Oct. T., 1904, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1902, No. 3309, on verdict for plaintiff in case of Serena Anderson v. Alta Friendly Society.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a certificate of membership in an insurance society.    Before RALSTON, J.

At the trial it appeared that the suit was brought by the plaintiff, as the beneficiary named in a certificate of membership issued by the defendant society on June 20, 1893, to Lucretia S. Brown, who died May 7, 1901, within less than ten days after the payment of her delinquent dues.    The dues were one hundred and four cents, payable on the nineteenth day of every month.    The dues for the month of April, 1901, were not paid on the nineteenth nor within three days thereafter, and the certificate of membership became null and void under its terms by the nonpayment of the dues within the time called for in the said certificate.    Membership having ceased, reinstatement was attempted by offering to pay the delinquent dues on the first day of the following month—May 1, 1901. The delinquent member sent her delinquent dues by her son to the collector of the society, after the expiration of the time of payment, instead of sending it to the Philadelphia office of

the society.   The collector accepted the delinquent dues from
the member's son upon the conditions of a certificate signed by
him offered in evidence by the plaintiff which provided inter
alia that if the delinquent member died as the result of any
sickness arising within ten days from the date thereof, no bene-
fit or money should be paid by the society on account of the
death of the member.   This certificate issued under the rules
of-the society, which was proven was given May 1, and the
member died May 7, 1901.   The plaintiff's witness showed
that the member was fully aware of the rule, the witness testi-
fying that " every time she (the member) was delinquent I
always got a health certificate from her."

The court gave binding instructions for plaintiff.

Verdict for plaintiff for $115, subject to question of law
reversed.

*Error assigned* was in entering judgment on the verdict.

*T. Elliott Patterson,* for appellant.—The son's agency shows
that he had full power to do all that was necessary to secure
his mother's reinstatement in the society: Bronson v. Chappell,
79 U. S. 681; Hubbard v. Ten Brook, 124 Pa. 291.

*M. Luther Nicholas,* for appellee.

OPINION BY SMITH, J., December 12, 1904:

The certificate of insurance having lapsed by nonpayment
of dues as therein required, the question is whether it was re-
instated or restored in legal effect.   The defendant contends
that, if reinstated, it was only on the terms embodied in the
application therefor, or " health certificate," which provides
that nothing shall be paid should the insured die within ten
days thereafter.   The plaintiff contends that the son of the
insured, who acted for her in the matter, had no authority to
bind her by this provision.

The son was undeniably acting as agent of the insured, in
applying for the reinstatement of her certificate, and paying
the dues in arrears.   In the absence of express authority, the
powers necessary to the purposes of the agency are in law im-
plied from the relation of principal and agent.   Therefore,

whatever it was reasonably necessary for the son to do, in behalf of the insured, to obtain the reinstatement of the certificate, he had authority to do. The "health certificate" was required as a condition of reinstatement. This was known to the insured, for on previous delinquencies in payment of dues she had been required to give one. The proviso against payment upon death within ten days was entirely reasonable, as a protection of the insurer against the result of any previous accident or exposure to disease that might lead to death within that period. It must be held, therefore, that the agent had authority to bind the insured by the provisions of the "health certificate." Furthermore, the dues in arrear having been accepted by the defendant's collector on the basis of this certificate, his evident intention was to contract only in accordance with its terms. Unless the application for reinstatement was made with a corresponding contractual intention, the minds of insurer and insured never met on the terms of reinstatement, and no contract of reinstatement was made.

The argument that the defendant, by a course of dealing or conduct toward the insured, on previous delinquencies in the payment of dues, led her to expect that a forfeiture would not be insisted on, does not support the plaintiff's contention here. The only thing which the defendant's conduct could have led the insured to expect was that, on any lapse of the certificate for nonpayment of dues, reinstatement would be permitted on the condition prescribed on previous delinquencies,—that of giving the instrument described as a "health certificate." This is precisely what was done in the present case, and its effect was, as on former occasions, to reinstate the insurance certificate on the terms contained in the health certificate.

The judgment is reversed, and judgment is entered for the defendant.